**Clara THOMAS, Plaintiff,**

**v.**

**The DISTRICT COURT OF the THIRTEENTH JUDICIAL DISTRICT OF the STATE OF MONTANA, IN AND FOR the COUNTY OF BIG HORN, and the Honorable E. E. Fenton, a Judge thereof, Defendants.**

**Civ. No. 669.**

United States District Court
D. Montana,
Billings Division.

July 6, 1967.

Sandall, Moses & Cavan and Scott & Scott, Billings, Mont., for plaintiff.

Berger, Anderson & Sinclair, Billings, Mont., for defendants.

## ORDER AND MEMORANDUM OPINION

JAMESON, Chief Judge.

Plaintiff is charged with second degree murder in an action pending in the District Court of the Thirteenth Judicial District of the State of Montana in and for the County of Big Horn. She seeks an order of this court enjoining the use in state court of a statement taken from her by the County Attorney of Big Horn County on March 13, 1963.[1] The defendants have moved to dismiss plaintiff's petition for failure to state a claim for relief.

In a trial beginning October 21, 1963, Mrs. Thomas was convicted of second degree murder. A motion for new trial was granted. The order granting the new trial was affirmed by the Supreme Court of Montana on March 16, 1966. 147 Mont. 325, 413 P.2d 315. A motion to dismiss the original complaint was granted July 8, 1966. The current information was filed October 20, 1966.[2]

A motion to suppress the statement was made in state court on May 19, 1967.[3] The district court (defendant in this case) granted the motion.[4] On June 7, 1967, a writ of supervisory control was issued to the district court by the Supreme Court of Montana setting aside the order suppressing the statement.[5]

Alleging that she has been denied the benefits of the Fifth,[6] the Sixth,[7] and the Fourteenth[8] Amendments to the Constitution of the United States and of 18 U.S.C. § 242,[9] plaintiff seeks to invoke the aid of this court for claimed violations of her civil rights pursuant to the following statutes: 28 U.S.C. § 1343, 42 U.S.C. § 1983, 28 U.S.C. § 1651 and 28 U.S.C. § 2283.

1. The statement is set forth in its entirety in plaintiff's petition and also in State of Montana v. Thomas, 1966, 147 Mont. 325, 413 P.2d 315.

2. Exhibit A, attached to plaintiff's petition.

3. Exhibit B, attached to plaintiff's petition.

4. Exhibit C, attached to plaintiff's petition.

5. Exhibit D, attached to plaintiff's petition, the court saying in pertinent part: "We shall not engage in extended discussion of applicable law but refer to Escobedo v. [State of] Illinois, 378 U.S. 478, 12 L.Ed. 2d 977, 84 S.Ct. 1758; and Miranda v. [State of] Arizona, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602, for the rules applicable."

6. The Fifth Amendment provides in part that "No person shall * * *. be deprived of life, liberty, or property, without due process of law. * * *"

7. The Sixth Amendment provides in part that, "In all criminal prosecutions, the accused shall enjoy the right * * * to have Assistance of Counsel for his defense."

8. The Fourteenth Amendment provides in part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

9. 18 U.S.C. § 242 relates to the deprivation of rights under color of law. Counsel's brief also relies upon 42 U.S.C. § 1983, which is part of the Civil Rights Act.

Plaintiff urges this court to issue injunctive relief under the provisions of 28 U.S.C. § 2283, which reads:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

■ The Civil Rights Act, 28 U.S.C. § 1343 and 42 U.S.C. § 1983, does not create an exception to 28 U.S.C. § 2283. Baines v. City of Danville, 4 Cir. 1964, 337 F.2d 579.

The question presented is whether the federal court should intervene in a pending state court criminal action, prior to its final disposition, to enjoin the use of a statement alleged to have been taken in violation of the accused's constitutional rights. In my opinion such action would be an unwarranted interference with the state court proceedings. Counsel have not cited, nor have I found, any case where an injunction has been issued in a case of this nature.[10]

The leading case holding that intervention is improper is Stefanelli v. Minard, 1951, 342 U.S. 117, 72 S.Ct. 118, 90 L.Ed. 138. This was a civil proceeding, brought under the Civil Rights Act, in which petitioner sought an injunction against the use of evidence alleged to have been obtained by an unlawful search by the police. In holding that the district court properly dismissed the complaints, the Court said in part:

"The consequences of exercising the equitable power here invoked are not the concern of a merely doctrinaire alertness to protect the proper sphere of the States in enforcing their crim-

inal law. If we were to sanction this intervention, we would expose every State criminal prosecution to insupportable disruption. Every question of procedural due process of law—with its far-flung and undefined range— would invite a flanking movement against the system of State courts by resort to the federal forum, with review if need be to this Court, to determine the issue. Asserted unconstitutionality in the impaneling and selection of the grand and petit juries, in the failure to appoint counsel, in the admission of a confession, in the creation of an unfair trial atmosphere, in the misconduct of the trial court— all would provide ready opportunities, which conscientious counsel might be bound to employ, to subvert the orderly, effective prosecution of local crime in local courts. To suggest these difficulties is to recognize their solution." (342 U.S. at 123–124, 72 S.Ct. at 121).[11]

It will be noted that the opinion specifically refers to asserted unconstitutionality in the admission of a confession.[12]

Plaintiff seeks to distinguish Stefanelli by arguing that it was compelled by Wolf v. People of State of Colorado, 1949, 338 U.S. 25, 69 S.Ct. 1359, 92 L.Ed. 1762, which was overruled by Mapp v. State of Ohio, 1961, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. However, the Supreme Court in Cleary v. Bolger, 1962, 371 U.S. 392, 83 S.Ct. 385, 9 L.Ed.2d 390 expressly anwered this contention, saying in part:

"Nor is the vitality of the principles on which the latter case [*Stefanelli*] rested sapped by this Court's decision

---

10. As the Supreme Court said in Dombrowski v. Pfister, 1965, 380 U.S. 479, 85 S. Ct. 1116, 14 L.Ed.2d 22, " * * * the Court has recognized that federal interference with a State's good-faith administration of its criminal laws is peculiarly inconsistent with our federal framework * * *" (380 U.S. at 484, 85 S.Ct. at 1119).

11. In denying injunctive relief for alleged unconstitutionality in the empanelment

of a trial jury, this court relied upon Stefanelli v. Minard and related cases. Alexander Bird in the Ground v. District Court, D.Mont.1965, 239 F.Supp. 981.

12. The statement in question is not a confession, but the defendant did admit that she fired the shot which caused her brother's death. In State of Montana v. Thomas, supra, the Supreme Court of Montana referred to the statement as "pivotal."

in Mapp v. Ohio * * * For in denying the injunctive relief there sought *Stefanelli* expressly laid to one side any possible impact of *Wolf*." (371 U.S. at 400, 83 S.Ct. at 390) [13]

In the *Cleary* case the Supreme Court held that it was error on the part of the district court to issue an injunction against a state official enjoining him from testifying about incriminating statements made by respondent while respondent was illegally detained and interrogated. The Court went on to say that the withholding of injunctive relief against this state official "does not deprive respondent of the opportunity for federal correction of any denial of federal constitutional rights in the state proceedings. To the extent that such rights have been violated * * * he may raise the objections in the state courts and then seek review in this Court of an adverse determination by the New York Court of Appeals." (371 U.S. at 400–401, 83 S.Ct. at 390)

Stefanelli has been followed in many subsequent decisions of the Supreme Court. In Baines v. City of Danville, supra, the court noted that "[i]n every case before the Supreme Court in which federal interference with state court proceedings has been premised upon asserted denials of civil rights, the Supreme Court has required or sanctioned federal forbearance." (337 F.2d at 591)

The rule here applicable was well summarized in Wilson v. Schnettler, 1961, 365 U.S. 381, 81 S.Ct. 632, 5 L.Ed.2d 620, where the defendant in a state court action moved to suppress use as evidence of narcotics seized by federal agents. The state court denied the motion. The petitioner then sued in federal court to impound the narcotics, enjoin their use in evidence, and enjoin the federal agents from testifying in the state court trial. In affirming a dismissal of the complaint, the Court said in part:

" * * * If, at the criminal trial, the Illinois court adheres to its interlocutory order on the suppression issue to petitioner's prejudice, he has an appeal to the Supreme Court of that State, and a right if need be to petition for 'review by this Court of any federal questions involved.' Douglas v. City of Jeannette, 319 U.S. 157, 163, 63 S.Ct. 877, 881, 87 L.Ed. 1324. It is therefore clear that petitioner has a plain and adequate remedy at law in the criminal case pending against him in the Illinois court.

"There is still another cardinal reason why it was proper for the District Court to dismiss the complaint. We live in the jurisdiction of two sovereignties. Each has its own system of courts to interpret and enforce its laws, although in common territory. These courts could not perform their respective functions without embarrassing conflicts unless rules were adopted to avoid them. Such rules have been adopted. One of them is that an accused 'should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial.' Ponzi v. Fessenden, 258 U.S. 254, 260, 42 S.Ct. 309, 310, 66 L.Ed. 607. Another is that federal courts should not exercise their discretionary power 'to interfere with, or embarass threatened proceedings in state courts save in those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent * * *.' Douglas v. City of Jeannette, supra, 319 U.S. at page 163, 63 S.Ct. at page 881.

"By this action, petitioner not only seeks to interfere with and embarrass

---

13. In support of her contention that *Stefanelli* was compelled by Wolf v. People of State of Colorado, plaintiff relies upon the dissenting, and not the majority, opinion in Cleary v. Bolger. Particular-ly in view of the fact that both *Stefanelli* and *Cleary* have been followed in subsequent decisions, the language in the dissenting opinion in Cleary v. Bolger is not persuasive in this case.

the state court in his criminal case, but he also seeks completely to thwart its judgment by relitigating in a trial de novo in a federal court the very issue that he has already litigated in the state court." (Followed by the quotation from Stefanelli v. Minard set forth supra). (365 U.S. at 385, 81 S.Ct. at 635).

Plaintiff relies heavily upon Dombrowski v. Pfister, supra. In that case the appellants, a civil rights organization and its executive director, brought suit in federal court for injunctive and declaratory relief to restrain appellees from prosecuting or threatening to prosecute them under Louisiana's Subversive Activities and Communist Control Law and Communist Propaganda Control Law, which they alleged violated their rights of free expression under the First and Fourteenth Amendments. While the Court held that an injunction should issue, it expressly recognized the factual distinction between that case and the case here involved. In footnote 3 the Court said in part:

"It is difficult to think of a case in which an accused would properly bring a state prosecution to a halt while a federal court decides his claim that certain evidence is rendered inadmissible by the Fourteenth Amendment. Cf. Cleary v. Bolger, 371 U.S. 392, 83 S.Ct. 385, 9 L.Ed.2d 390; Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 90 L.Ed. 138." (380 U.S. at 485, 85 S.Ct. at 1120).

In memorandum in support of their motion to dismiss defendants point out that there is now pending in the state court criminal action a motion to suppress three oral statements alleged to have been made by the plaintiff and the testimony given by the plaintiff at the first trial. Counsel argue that these oral statements, the testimony in the former trial, and the written statement are so closely interwoven that it would be undesirable for this court to permit any piecemeal approach, at least until the motion to suppress now pending in state court has been determined by the Supreme Court of Montana. In view of my conclusion that the petition should be dismissed, the pendency of the additional motion in state court is immaterial, but it does confirm my conclusion that any intervention would be unwarranted prior to final disposition of the state court action.

■ Counsel for plaintiff argue that Alexander Bird in the Ground and other cases cited supra may be distinguished by reason of the fact that the Supreme Court of Montana has already considered the question of the admissibility of the statement.[14] In the event of an adverse determination in both the district court and Supreme Court of Montana, the petitioner may still seek review in the Supreme Court of the United States of all federal questions properly raised, including the alleged violation of plaintiff's constitutional and civil rights.[15]

■ It does not appear that the circumstances in the instant case are so exceptional as to warrant a departure from the well-established rule that the federal court should not intervene prior to final disposition of the state court action. While plaintiff would no doubt prefer a determination by the federal court at this time, the interposition of this court is not necessary to "prevent irreparable injury which is clear and imminent." As the court well said in Townsend v. State of Ohio, 6 Cir. 1966, 366 F.2d 33, 34: "Comity in federal-state relations strongly suggest that assertions

14. If this distinction were recognized, the federal courts would be obliged to determine in advance of the trial of any state court criminal action every question of procedural due process of law which the accused had raised in the state's appellate courts prior to trial. As the Court well said in Stefanelli, this "would provide ready opportunities, which conscientious counsel might be bound to employ, to subvert the orderly, effective prosecution of local crime in local courts".

15. See Wilson v. Schnettler, supra; Cleary v. Bolger, supra; Douglas v. City of Jeannette, supra.

of violation of federal rights such as this be heard in the federal courts *after* and not before the state criminal trial."

In view of my conclusion that any intervention by this court at the present time is unwarranted, I do not presume to pass upon the merits of plaintiff's claim that her constitutional rights may be violated.

The motion to dismiss is granted, and the clerk shall enter judgment of dismissal.