**Neil S. MACKAY, Plaintiff,**

v.

**The Honorable Buell A. NESBETT and the Honorable John H. Dimond, Defendants.**

**Civ. No. A–142–66.**

United States District Court
D. Alaska.

May 27, 1968.

Joseph A. Ball, Long Beach, Cal., George F. Boney, Anchorage, Alaska, Edgar Paul Boyko, Atty. Gen., Juneau, Alaska, John M. Savage, Arthur D. Talbot, Anchorage, Alaska, for plaintiff.

George Cochran Doub, Baltimore, Md., Ernest Z. Rehbock, Anchorage, Alaska, for defendants.

Edgar Paul Boyko, Atty. Gen., G. Kent Edwards, Deputy Atty. Gen., Juneau, Alaska, Robert K. Yandell, Anchorage, Alaska, amicus curiae, for the State of Alaska.

George F. Boney, Anchorage, Alaska, amicus curiae for the Alaska Bar Assn.

John M. Savage, Anchorage, Alaska, amicus curiae, for the Alaska Academy of Trial Lawyers.

## OPINION

PLUMMER, Chief Judge.

This is a proceeding commenced in the United States District Court for the District of Alaska (this court) against a majority of the justices of the Supreme Court of the State of Alaska (Alaska Supreme Court) to have a final order of that court declared null and void and to enjoin its effect. Plaintiff, a member of the Bar of Alaska, was the respondent in prior disciplinary proceedings in which the Alaska Supreme Court, acting under its inherent power to admit and discipline attorneys, entered an order suspending him from the practice of law for the period of one year. The proceedings before the Alaska Supreme Court are reported in In re Mackay, 416 P.2d 823–852 (Alaska 1965). The order which plaintiff asks this court to enjoin was entered on October 26, 1964, and thereafter modified by an order dated February 8, 1965. As modified, plaintiff's punishment for professional misconduct was reduced from disbarment to suspension from the practice of law for a period of one year.

After the opinion of the Alaska Supreme Court was filed on January 30, 1965, and the modified order entered on February 8, 1965, plaintiff filed a timely petition for certiorari to the Supreme Court of the United States (United States Supreme Court) which included the principal issues which were raised before the Alaska Supreme Court. On June 20, 1966, the United States Supreme Court denied plaintiff's petition for certiorari (384 U.S. 1003, 86 S.Ct. 1907, 16 L.Ed.2d 1016), and on October 10, 1966, his petition for rehearing was denied (385 U.S. 890, 87 S.Ct. 11, 17 L.Ed.2d 121).

Plaintiff, in his second amended complaint for relief for the protection of civil rights, invokes this court's jurisdiction and prays for equitable relief under the Civil Rights Act (28 U.S.C.A. § 1343 and 42 U.S.C.A. § 1983), and under the Federal Questions Statute (28 U.S.C.A. § 1331); seeks declaratory relief (28 U.S.C.A. §§ 2201 and 2202); and asks that this action be heard and determined by a district court of three judges (28 U.S.C.A. §§ 2281 and 2282).

The case comes before this court upon defendants' motion to dismiss for lack of jurisdiction. Although the motion is based on a number of grounds, the principal question to be determined is whether this court has jurisdiction pursuant to the Civil Rights Act, 28 U.S.C.A. § 1343 and 42 U.S.C.A. § 1983, to enjoin the enforcement of the order of the Alaska Supreme Court entered on October 26, 1964, as modified by an order dated February 8, 1965 suspending plaintiff from the practice of law.

Plaintiff claims this court has jurisdiction to enjoin enforcement of the alleged illegal and void order of the Alaska Supreme Court because (1) the litigation has ended and an injunction would in no way interfere with the judicial process of Alaska, and (2) the Civil Rights Act empowers this court to enjoin the enforcement of such orders.

Section 2283 of Title 28, U.S.C.A. provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Con-

gress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

In Hill v. Martin, 296 U.S. 393, 56 S.Ct. 278, 80 L.Ed. 293 (1935), the Supreme Court stated:

"*Fourth:* The prohibition of § 265 [28 U.S.C.A. § 2283] is against a stay of 'proceedings in any court of a State.' That term is comprehensive. It includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process. It applies to appellate as well as to original proceedings; and is independent of the doctrine of *res judicata.* It applies alike to action by the court and by its ministerial officers; applies not only to an execution issued on a judgment, but to any proceeding supplemental or ancillary taken with a view to making the suit or judgment effective. The prohibition is applicable whether such supplementary or ancillary proceeding is taken in the court which rendered the judgment or in some other. * * Thus, the prohibition applies whatever the nature of the proceeding, unless the case presents facts which bring it within one of the recognized exceptions to § 265. It is not suggested that there is a basis here for any such exception."

It is evident that "proceedings" as defined by the United States Supreme Court would be stayed in the courts of the State of Alaska if the injunctive relief requested by plaintiff were granted.

Section 1983 of Title 42, U.S.C.A. provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The Civil Rights Act has not superseded or abrogated Section 2283 of Title 28, U.S.C.A. Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951); Baines v. City of Danville, 337 F.2d 579 (4th Cir. 1964); Goss v. State of Illinois, 312 F.2d 257 (7th Cir. 1963); Smith v. Village of Lansing, 241 F.2d 856 (7th Cir. 1957); Sexton v. Barry, 233 F.2d 220 (6th Cir. 1956); Thomas v. District Court of Thirteenth Judicial Dist., 270 F.Supp. 487 (D.Mont.1967); Brock v. Schiro, 264 F.Supp. 330 (E.D.La.1967); Chaffee v. Johnson, 229 F.Supp. 445 (S.D.Miss. 1964).

Thomas v. District Court of Thirteenth Judicial Dist., supra, involved proceedings to enjoin the state from the use of a statement in a prosecution for murder. Plaintiff alleged that she had been denied the benefits of the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and urged the court to issue injunctive relief under the provisions of Section 2283 of Title 28, U.S.C.A. for claimed violations of her civil rights.

The court held that the Civil Rights Act did not create an exception to Section 2283 of Title 28, U.S.C.A. and stated in part:

"The leading case holding that intervention is improper is Stefanelli v. Minard, 1951, 342 U.S. 117, 72 S.Ct. 118, 90 [96] L.Ed. 138. This was a civil proceeding, brought under the Civil Rights Act, in which petitioner sought an injunction against the use of evidence alleged to have been obtained by an unlawful search by the police. In holding that the district court properly dismissed the complaints, the Court said in part:

'The consequences of exercising the equitable power here invoked are not the concern of a merely doctrinaire alertness to protect the proper sphere of the States enforcing their criminal law. If we were to sanction this intervention, we would expose every State criminal prosecution to

insupportable disruption. Every question of procedural due process of law—with its far-flung and undefined range—would invite a flanking movement against the system of State courts by resort to the federal forum, with review if need be to this Court, to determine the issue. Asserted unconstitutionality in the impaneling and selection of the grand and petit juries, in the failure to appoint counsel, in the admission of a confession, in the creation of an unfair trial atmosphere, in the misconduct of the trial court—all would provide ready opportunities, which conscientious counsel might be bound to employ, to subvert the orderly, effective prosecution of local crime in local courts. To suggest these difficulties is to recognize their solution.' "

Yates v. Hodges, 269 F.Supp. 519 (N.D.Miss.1967), was an action commenced to void a final judgment of the Mississippi Supreme Court or to enjoin execution or enforcement thereof on the ground that the actions of the Court had denied plaintiff's due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States. In holding that it did not have jurisdiction, the United States District Court relied on Section 2283 of Title 28, U.S.C.A. and stated that it was beyond doubt that plaintiffs were seeking to enjoin "proceedings" within the meaning of that statute.

The court in its opinion referred to Levine v. Lacy, 344 F.2d 695 (4th Cir. 1965) and Warriner v. Fink, et al., 307 F.2d 933 (5th Cir. 1962), cert. den. 372 U.S. 943, 83 S.Ct. 937, 9 L.Ed.2d 969. In quoting from the latter case, it stated:

"We are convinced, however, that when the plaintiff failed to seek review by the Supreme Court of the United States of the judgment of the Supreme Court of Florida * * * dismissing her appeal, *she lost the only avenue of relief available to her in the federal courts.* In the light of the anti-injunc-

tion statute, 28 U.S.C.A. § 2283, and of a number of decisions of the Supreme Court and of this and other Circuits, in which the principles are fully discussed, we hold that the federal district court had no jurisdiction to enjoin the enforcement of, or to set aside, or hold null and void the decree of foreclosure entered by the Circuit Court of Monroe County, Florida. (Emphasis Added.)"

■ The underlying purpose of the statute precluding a court of the United States from granting an injunction to stay proceedings in state court except as expressly authorized by federal statute, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments, is to prevent conflict between federal and state courts. The purpose of this statute remains the same in all proceedings regardless of their nature.

■ The admission and exclusion of attorneys by the members of the supreme court of a state is the exercise of a judicial function or act. Ex parte Garland, 4 Wall 333, 71 U.S. 333, 18 L.Ed. 366 (1866); Saier v. State Bar of Michigan, 293 F.2d 756 (6th Cir. 1961); Brooks v. Laws, 92 U.S.App.D.C. 367, 208 F.2d 18 (1953); In re Trask, 46 Haw. 404, 380 P.2d 751 (1963); In re Lavine, 2 Cal.2d 324, 41 P.2d 161, 42 P.2d 311 (1935); In re Bruen, 102 Wash. 472, 172 P. 1152 (1918).

■■ Judges are immune from suit arising out of their judicial acts, without regard to the motives with which their judicial acts are performed, and notwithstanding such acts may have been performed in excess of jurisdiction, provided there was not a clear absence of all jurisdiction over the subject matter. The Civil Rights Act creates no exception to this immunity. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Sires v. Cole, 320 F.2d 877 (9th Cir. 1963); Johnson v. MacCoy, 278 F.2d 37 (9th Cir. 1960); Hagan v. State of California, 265 F.Supp. 174 (C.D.Cal. 1967).

The doctrine of judicial immunity applies to a proceeding in which injunctive or other equitable relief is sought, as well as to suits for money damages. Gay v. Heller, 252 F.2d 313 (5th Cir. 1958); Peckham v. Scanlon, 241 F.2d 761 (7th Cir. 1957); Tate v. Arnold, 223 F.2d 782 (8th Cir. 1952); Rhodes v. Houston, 202 F.Supp. 624 (D. Neb.1962); Thompson v. Baker, 133 F. Supp. 247 (W.D.Ark.1955). The reasons for the rule of judicial immunity apply regardless of the nature of the relief sought.

Although no specific ruling or holding was made with reference to injunctive or other equitable relief in the following cases, such relief was denied for lack of jurisdiction in Gately v. Sutton, 310 F.2d 107 (10th Cir. 1962); Clark v. State of Washington, 366 F.2d 678 (9th Cir. 1966); Jones v. Hulse, 267 F.Supp. 37 (E.D.Mo.1967); and Campbell v. Washington State Bar Association, 263 F. Supp. 991 (W.D.Wash.1967).

The Eleventh Amendment to the Constitution of the United States provides that:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State."

This amendment denies to the federal courts authority to entertain a suit brought by a private party against a state without its consent. This immunity is afforded the State of Alaska in the present case and is equally applicable to the Supreme Court of Alaska. Clark v. State of Washington, supra; Campbell v. Washington State Bar Association, supra; Lenske v. Sercombe, 266 F.Supp. 609 (D.Ore.1967).

The right to practice law in the state courts is not a privilege granted by the federal constitution or laws. In re Lockwood, 154 U.S. 116, 14 S.Ct. 1082, 38 L.Ed. 929 (1894); Bradwell v. State of Illinois, 16 Wall 130, 83 U.S. 130, 21 L.Ed. 442 (1872); Mitchell v. Greenough, 100 F.2d 184 (9th Cir. 1938); Green v. Elbert, 63 F. 308 (8th Cir. 1894); Niklaus v. Simmons, 196 F.Supp. 691 (D. Neb.1961); Sharp v. Lucky, 148 F.Supp. 8 (D.La.1957).

The privilege to practice law is subject only to the constitutional limitation that a state cannot exclude a person from the practice of law or from any other occupation in contravention of the due process or equal protection clauses of the Fourteenth Amendment. Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); Konigsberg v. State Bar of California, 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957); Dent v. State of West Virginia, 129 U.S. 114, 9 S.Ct. 231, 32 L.Ed. 623 (1889).

The limits of review in the course of disciplinary proceedings are violations of the due process or equal protection clauses of the Fourteenth Amendment, and a petition for a writ of certiorari to the Supreme Court of the United States is the only method by which such review may be had. Theard v. United States, 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957); Schware v. Board of Bar Examiners, supra; Konigsberg v. State Bar of California, supra; In re Rhodes, 370 F.2d 411 (8th Cir. 1967); Gately v. Sutton, supra; Keeley v. Evans, 271 F. 520 (D.Ore.1921).

Because of the manner in which this case comes before the Court and for the reasons stated above, this Court does not have jurisdiction over the subject matter. Counsel for defendants shall within ten days prepare, serve and submit an appropriate order dismissing the action with prejudice.

Counsel for plaintiff have suggested that this Court would have jurisdiction if the proceeding before the Court were in the nature of an application for a writ of habeas corpus. The Court is not presently confronted with that problem and makes no finding or holding thereon. There may or may not be circumstances under which at some future date

the Constitutional questions raised by plaintiff may be properly heard by this Court. Cf. Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600.

The Court in this opinion has considered only matters pertaining to the issue of jurisdiction. Consequently, nothing contained herein is intended in any manner to relate to or to bear upon the merit or lack of merit of plaintiff's claims.