ALEXANDER AGENCY, INC. and Overseas Underwriters, Inc., Plaintiffs, Libelants,

v.

GATEWAY CLIPPER, INC., a corporation, Defendant, Respondent.

No. 68–405.

United States District Court
W. D. Pennsylvania.

Jan. 10, 1969.

Harvey E. Robins, of Brennan & Brennan, Pittsburgh, Pa., for plaintiffs-libelants.

Jack W. Plowman, of Plowman & Spiegel, Pittsburgh, Pa., for defendant-respondent.

## MEMORANDUM AND ORDER

MARSH, District Judge.

The respondent has filed a "Suggestion of Lack of Jurisdiction" in this action, which in our opinion should be granted.

The reason advanced by respondent is that the court lacks jurisdiction, in admiralty, over an action brought by the libelants, who operate a brokerage as agents for insurance companies, "to recover compensation for the procuring of marine insurance." It appears to the court that this is not such an action, but is one designed to recover premiums due pursuant to a contract for marine insurance policies issued by Transit Casualty Company and Lloyds & Company, the insurers. However, it is not alleged in the libel, nor has it been shown by affidavits or otherwise, that the libelants were obligated to pay or actually did pay the premiums owing on the executed marine insurance policies *to the insurers.*[1] Thus, the libel-

---

1. Counsel for libelants in his brief and at oral argument asserted that libelants were obligated to and did pay the premiums on the insurance policies to the insurers. Briefs are not part of the record. Factual matters and exhibits in a brief, unsupported by affidavits, depositions, or other proofs, can not be relied upon to oppose the motion. Travelers Indemnity Company v. Arbogast, 45 F. R.D. 87 (W.D.Pa.1968).

ants have not shown by pleading or otherwise that they are subrogated to the insurers' rights to recover in admiralty the unpaid premiums. It is only alleged that the respondent owes the premiums due for the policies which libelants had procured for it, and that it has failed to pay these premiums; and, without further allegation, the libelants demand payment to *them* of said amount by the respondent. The complaint does not set forth the grounds on which the court's jurisdiction depends. Rule 8(a), Fed.R. Civ.P.