Bennie **DANNER**, Plaintiff,

v.

Thomas G. **MOORE**, Donald Ashton, Edward Costanza, Robert Mack, Ray Quinlan, Gordon E. Yagle, Joseph Daddio, and Harry Logue, Defendants.

Civ. A. No. 69–404.

United States District Court
W. D. Pennsylvania.

Dec. 3, 1969.

Alan Frank, Pittsburgh, Pa., for plaintiff.

Gerald C. Paris, Pittsburgh, Pa., for defendants, Edward Costanza, Robert Mack, Ray Quinlan, Gordon E. Yagle and Harry Logue.

Richard L. Thornburgh, U. S. Atty., by John H. Bingler, Asst. U. S. Atty., Pittsburgh, Pa., for defendants, Thomas G. Moore, Donald Ashton and Joseph Daddio.

## OPINION AND ORDER

MARSH, District Judge.

The defendants, except Ray Quinlan who was not served, moved to dismiss the plaintiff's amended complaint seek-

ing damages under Civil Rights Act, Sec. 1983, Title 42 U.S.C., and Sec. 1343, Title 28 U.S.C.

## I.

The reasons for dismissal, inter alia, stated by the defendants, Costanza, Mack, Yagle, and Logue are:

1. The court does not have jurisdiction of the matters alleged in the amended complaint.

2. As public officers they are immune from liability.

3. Plaintiff has not exhausted state remedies.

4. The complaint is frivolous.

In my opinion the motion should be denied as to these defendants, except as to the defendant, Logue.

█ It is my opinion that this court has jurisdiction.

█ Plaintiffs seeking to enforce their civil rights in federal court ordinarily are not required to exhaust state remedies. *Cf.* Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963).

The amended complaint is not frivolous.

█ The amended complaint alleges generally a conspiracy and charges specifically that all the defendants, which include Mack and Yagle, police officers of the Township of Penn Hills, and Costanza, a detective of Allegheny County, under color of the laws of Pennsylvania, did unlawfully cause the search, seizure and arrest of the plaintiff and took from his person $6,224 without probable cause, or under invalid search warrants, "if in fact any [search warrants] were issued prior to the arrest", and the plaintiff was imprisoned following the arrest and unwarranted criminal prosecution instituted. It is required that I accept these pleaded facts as the hypoth-

esis for decision. Collins v. Hardyman, 341 U.S. 651, 652, 71 S.Ct. 937, 95 L.Ed. 1253 (1951). It seems to be indisputable that a person deprived of his constitutional right to be free from unreasonable search, seizure and arrest may recover damages from state officers acting in concert under color of state law pursuant to Sec. 1983. Monroe v. Pape, *supra;* Jackson v. Duke, 259 F.2d 3, 7 (5th Cir.1958); Davis v. Turner, 197 F.2d 847 (5th Cir.1952).

## II.

The reasons for dismissal stated by the defendants, Moore, Ashton and Daddio, are:

1. The court lacks jurisdiction over the subject matter of the action.

2. The complaint fails to state a claim upon which relief can be granted.

█ As stated above, this court has jurisdiction of the subject matter, but *the motion to dismiss should be granted* as to the defendants, Moore, Ashton and Daddio, for failure to state a claim upon which relief can be granted.[1]

It appears from the amended complaint that the defendants, Moore, Ashton and Daddio, are "employed by the United States of America as investigating agents in the narcotics department" (Special Agents of the Federal Bureau of Narcotics and Dangerous Drugs). The plaintiff has invoked jurisdiction of this civil action to recover damages relying specifically on Civil Rights Act, Sec. 1983, Title 42 U.S.C.

██ Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

---

1. The plaintiff has not pursued the diversity common law action for damages

which he set forth in his original complaint.

shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The defendants, Moore, Ashton and Daddio, being employees of the United States, presumably were acting under color of federal law. The Civil Rights Act, Sec. 1983, does not apply to federal officers acting under color of federal law. Norton v. McShane, 332 F.2d 855, 862 (5th Cir.1964).

The amended complaint alleges in general terms a conspiracy to deprive the plaintiff of his right to be free from illegal search, seizure and arrest pursuant to Sec. 1983. It does not allege a conspiracy pursuant to Sec. 1985(3) to deprive him of equal protection of the laws, or of equal privileges and immunities under the laws; no facts are alleged averring an intentional and purposeful discrimination of plaintiff individually or as a member of a class as required under Sec. 1985(3). Norton v. McShane, *supra*, pp. 862–863; Snowden v. Hughes, 321 U.S. 1, 7–10, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Egan v. City of Aurora, 291 F.2d 706, 707–708 (7th Cir. 1961); Hoffman v. Halden, 268 F.2d 280, 290–294 (9th Cir.1959); Weyandt v. Mason's Stores, Inc., 279 F.Supp. 283, 289 (W.D.Pa.1968).

■ Plaintiff argues that the general allegation of conspiracy between the federal agents and the police bring the former within the purview of Sec. 1983, i.e., that the cooperative action is ipso facto under color of state law. I do not agree. The federal agents presumptively were acting under federal law. The plaintiff has not alleged facts to show that the federal agents were acting under color of state law. It was not alleged that the federal agents became officers or agents of the state; or that their actions were controlled by the state; or that they derived their powers from the state statutes.[2] In Henig v. Odorioso, 385 F.2d 491, 492 (3d Cir. 1967), the plaintiffs alleged in their complaint that the Wallingford Home, a privately owned orphanage, and its named employees conspired with Delaware County judges, certain court employees, and appellate judges in incarcerating the minor plaintiff and inflicted cruel and inhuman treatment upon the girl during her period of confinement in that orphanage. It was held, at pages 494–495 in affirming a dismissal of the complaint, that a private orphanage and its employees *were not acting under color of state law,* even though the courts and their personnel, the immune co-conspirators, were acting under color of state law. A fortiori, federal agents presumably acting under color of federal law are not drawn within the purview of Sec. 1983 on a bare conclusory allegation of conspiracy with police acting under state law,—and this is so regardless of a conspiratorial motive or intent. *Cf.* Norton v. McShane, *supra.*

### III.

■ The amended complaint avers that Mr. Logue is the Justice of the Peace of the Township of Penn Hills, Allegheny County, Pennsylvania. Justices of the Peace are judicial officers and are immune from liability for damages under the civil rights statutes if acting within the scope of their authority or in the discharge of their duties. Pierson v. Ray, 386 U.S. 547, 553–555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Bauers v. Heisel, 361 F.2d 581, 584 (3d Cir.1966).

2. A plaintiff seeking damages under the civil rights statutes must allege highly specific facts. United States ex rel. Hoge v. Bolsinger, 211 F.Supp. 199 (W.D. Pa.1962), aff'd 311 F.2d 215 (3d Cir. 1962); Pugliano v. Staziak, 231 F.Supp. 347, 349 (W.D.Pa.1964), aff'd 345 F. 2d 797 (3d Cir. 1965); Weyandt v. Mason's Stores, Inc., supra, p. 285. Of course, it is axiomatic that facts stated in the briefs filed by plaintiff and the defendants and at oral argument must be disregarded. Alexander Agency, Inc. v. Gateway Clipper, Inc., 294 F.Supp. 354 (W.D.Pa.1969); Travelers Indemnity Company v. Arbogast, 45 F.R.D. 87 (W.D.Pa.1968).

The allegation that Justice Logue is also employed as a detective by the County of Allegheny without more does not affect his judicial immunity. The conclusion that the "search warrants * * * were not issued by a neutral and detached person" absent specific facts warranting that conclusion must be disregarded. Presumptively, the Justice, if he issued the search warrants involved, was acting within the scope of his authority and in the discharge of his duties on February 28, 1969.[3] The Justice of the Peace, like the court personnel in *Henig, supra,* did not lose his immunity by allegedly conspiring with others. *Cf.* Henig v. Odorioso, *supra,* 385 F.2d p. 494; Hoffman v. Halden, *supra,* 268 F.2d p. 301.

An appropriate order will be entered.

---

3. The amended complaint does not specifically aver that Justice Logue issued the search warrants; neither does it specifically aver that he was present and participated in the alleged unlawful search, seizure and arrest of plaintiff's person.