464 F.2d 156
 The PEOPLE OF the STATE OF MISSISSIPPI On the Relation of
Lela Mae GILES, Plaintiff,
v.
Fred THOMAS, Sheriff of Hinds County, et al., Defendants-Appellees.
Lela Mae GILES, Individually, Plaintiff-Appellant,
v.
H. C. BAILEY et al., Defendants-Appellees.
 No. 71-2491.
 United States Court of Appeals,
 Fifth Circuit.
 July 6, 1972.
 
 Bernard W. N. Chill, Jackson, Miss., for plaintiff-appellant.
 Bob Ray, Jackson, Miss., for Fred Thomas, P. R. Jones, J. W. Richardson, and U. S. Fidelity.
 Junior O'Mara, Jackson, Miss., for H. C. Bailey and Jack Partridge.
 Jerome B. Steen, Jackson, Miss., for Jackson Apartments, Inc.
 Before WISDOM, GOLDBERG and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff, Lela Mae Giles, brought suit under 42 U.S.C. Sec. 1983[1] for damages allegedly arising from her temporary eviction from an apartment in Jackson, Mississippi. Giles sued the Sheriff of Hinds County, Fred Thomas; two of his deputies, Pal R. Jones and P. P. Lamburth; United States Fidelity and Guaranty Company, as surety on the official bond of Thomas; J. W. Richardson, Justice of the Peace of the Fifth Justice of the Peace District, Post 2, of Hinds County; USF&G as surety on Richardson's official bond; Jackson Apartments, Inc., the owner of Giles' rental unit and the complex in which it was located; H. C. Bailey, Realtor, a partnership employed to manage the apartment complex for Jackson Apartments, Inc.; and Jack Partridge, an employee of Bailey who in 1968 had charge of renting apartments in the complex where Giles lived. She sought $100,000 damages.
 
 
 2
 On September 20, 1968, Partridge signed an affidavit in the Justice of the Peace court of Richardson, on behalf of Bailey, asserting that Giles was in arrears in payment of her rent. On the basis of this affidavit, Richardson issued a summons to Giles, in accordance with Mississippi law,[2] requiring her to show cause why she should not be removed for default in her rental payments. This summons contained the erroneous return date of September 27, 1970-erroneous in that Mississippi law requires such a summons to be returnable in not less than three or more than five days. On September 25, a default judgment was issued by Richardson against Giles. By October 2, 1968, Giles paid Bailey $40 of her unpaid rents, but did not at that time pay the court costs from the default proceeding. Mississippi law requires the payment of court costs, plus rent, to stay proceedings for the removal of a tenant. Miss.Code, Recompiled Sec. 957. Partridge, on behalf of Bailey, went forward with removal proceedings and on the evening of October 7, 1970, Giles was set out of her apartment.
 
 
 3
 *****
 
 
 4
 * * *
 
 
 5
 Partridge testified that he was asked by Giles to speak with her lawyer on the telephone at the time of the eviction. The details of this conversation were excluded from evidence on Giles's objection. After the conversation, the undisputed evidence shows that Partridge and Giles reached an understanding. Giles would pay the court costs of nine dollars incurred in the justice of the peace proceedings, and she would be allowed to return to the apartment. Partridge would return to Giles nine dollars-the exact sum owing as court costs-to pay for the cost of moving her furniture back into the apartment. Partridge wrote a receipt, signed by Giles and himself. Partridge acknowledged receipt of the $9 for court costs and Giles acknowledged receipt of $9 for the cost of moving her furniture back into the apartment. Partridge testified that the nine dollar exchange was made with the mutual understanding that Giles would move back into the apartment and that her moving back "would end the matter completely". Deputy Sheriff Lamburth substantiated this testimony, but Giles herself denied she had agreed to take no further action. On the same evening, October 7, Giles was put back in possession of her apartment and her furniture moved back inside the unit.
 
 
 6
 At the trial below, the court submitted to the jury only two questions: first, whether the $9 exchange and receipt constituted a binding settlement of Giles's rights against the defendants; and second, whether Giles sustained any damages and in what amount. The court instructed as a matter of law that those defendants acting in official capacities could not be held liable on the facts of the case. The jury returned a verdict in favor of the defendants. On this appeal, Giles raises a number of objections to the action of the trial court, but we find it unnecessary to consider each of those arguments since there was abundant evidence to support the jury's necessary conclusion that the $9 exchange constituted a full settlement of Giles's claims against the private parties defendant.[3] The settlement agreement may not have extended to Giles's possible claims against the Justice of the Peace, the Sheriff, and their employees, but the trial court was correct in ruling that those defendants were immune from suit as judicial officers under the circumstances of this case. Pierson v. Ray, 1967, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288; Sullivan v. Kelleher, 1 Cir.1968, 405 F.2d 486; Lockhart v. Hoenstine, 3 Cir.1969, 411 F.2d 455, cert. den. 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244; Davis v. McAteer, 8 Cir. 1970, 431 F.2d 81; Gillibeau v. City of Richmond, 9 Cir.1969, 417 F.2d 426.
 
 
 7
 Affirmed.
 
 
 
 [1]
 42 U.S.C. Sec. 1983:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
 
 
 [2]
 The relevant provisions of the Mississippi Code, Recompiled are as follows:
 Sec. 948. Proceedings against tenant holding over.
 A tenant or lessee at will or at sufferance, or for part of a year, or for one or more years, of any houses, lands, or tenements, and the assigns, undertenants, or legal representatives of such tenant or lessee, may be removed from the premises by any justice of the peace of the county, or the judge of the county court, by the mayor or police justice of any city, town, or village where the premises, or some part thereof, are situated, in the following cases to wit:
 Second.-After any default in the payment of the rent pursuant to the agreement under which such premises are held, and when satisfaction of the rent cannot be obtained by distress of goods, and three days' notice, in writing, requiring the payment of such rent or the possession of the premises, shall have been served by the person entitled to the rent on the person owing the same.
 Sec. 949. Affidavit to remove.
 The landlord or lessor, his legal representatives, agents, or assigns, in order to have the benefit of such proceedings, shall make oath or affirmation of the facts which, according to the last preceding section, authorize the removal of the tenant, describing therein the premises claimed and the amount of rent due and when payable, and that the necessary notice has been given to terminate such tenancy.
 Sec. 950. Writ.
 On receiving such affidavit, the county judge, justice, mayor, or other officer shall issue a summons, directed to the sheriff or any constable of the county, or the marshal of the city, town, or village wherein the premises, or some part thereof, are situated, describing the premises, and commanding him to require the person in possession thereof, forthwith to remove therefrom, or to show cause before the justice or other officer, on a day to be named not less than three nor more than five days from the date of the summons, why possession of the premises should not be delivered to the applicant.
 Sec. 951. How summons served.
 Such summons shall be served as a summons is served in other cases, if the tenant can be found; if not, then by putting up a copy in some conspicuous place on the premises where the tenant last or usually resided.
 Sec. 952. Proceedings where no defense.
 If, at the time appointed, it appear that the summons has been duly served, and if sufficient cause be not shown to the contrary, the magistrate shall issue his warrant to the sheriff or any constable of the county, or to a marshal of the city, town, or village where the premises, or some part thereof, are situated, commanding him to remove all persons from the premises, and to put the applicant into full possession thereof.
 Sec. 953. Defense may be made.
 The person in possession of such premises, or any person claiming possession thereof, may, at or before the time appointed in the summons for showing cause, file an affidavit with the magistrate who issued the same, denying the facts upon which the summons was issued; and the matter thus controverted may be tried by the magistrate.
 Sec. 955. Form of judgment for landlord.
 If the decision be in favor of the landlord or other person claiming the possession of the premises, the magistrate shall issue his warrant to the sheriff, constable, or other officer, commanding him forthwith to put such landlord or other person into possession of the premises, and to levy the costs of the proceedings of the goods and chattels, lands and tenements, of the tenant or person in possession of the premises who shall have controverted the right of the landlord or other person.
 Sec. 956. Judgment for defendant.
 If the decision be in favor of the tenant, he shall recover costs of the applicant, and the magistrate shall issue execution therefor.
 Sec. 957. Stay of Proceedings.
 If the proceedings be founded upon the non-payment of rent, the issuance of the warrant for the removal of the tenant shall be stayed if the person owing the rent shall, before the warrent be actually issued pay the rent due and the costs of the proceedings, or give such security as shall be satisfactory to the magistrate, to the person entitled to the rent, for the payment thereof and costs in ten days; and if the rent and cost shall not be paid accordingly, the warrant shall then issue as if the proceedings had not been stayed.
 
 
 [3]
 See Boeing Company v. Shipman, 5 Cir. 1969, 411 F.2d 365 (en banc). We see no merit in Giles's argument that the agreement found by the jury to be a release or settlement was entered into by Giles for no consideration. For agreeing to "end the matter", Giles received from Partridge, on behalf of the private defendants, the assurance that she would not have to endure the inconvenience, the uncertainty, and the expense of securing reinstatement in her apartment and reimbursement of her "court costs" through litigation
 We note further that there is no allegation by Giles that she was misled or coerced into the settlement agreement with Partridge. Indeed, as the evidence shows, Giles was in touch with her lawyer just prior to her agreement with Partridge. Nor is there any suggestion that the defendants have reneged on their part of the agreement, for the record reveals that Giles returned to her apartment on the evening when she was evicted and continued to reside there at least until the date when she filed this action in the district court.