**Hillard CROSS, in his own behalf and in behalf of those similarly situated, Plaintiff,**

v.

**Homer BYRUM, individually and in his official capacity, and Sylvester P. Adair, former Justice of the Peace of District Four of Dade County, Florida, individually and in his official capacity, Defendants.**

Civ. No. 72–945.

United States District Court,
S. D. Florida,
Miami Division.

Sept. 25, 1972.

Norman Rosenberg, of Florida Rural Legal Services, Inc., Homestead, Fla., and Sanford Dernis, Perrine, Fla., for plaintiff.

Richard M. Sepler, Special Asst. Atty. Gen., Hialeah, Fla., for defendants.

## ORDER DENYING MOTION TO DISMISS

ATKINS, District Judge.

This cause is before the Court on defendant's motion to dismiss the complaint for failure to state a cause of action—to wit, defendants are judicial officers and thereby immune from suit. The Court is of course guided by the teachings of Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), on the advisability of granting a motion to dismiss, as of course it must be. The Chief Judge has summarized the Fifth Circuit's opinion in this regard more eloquently than I could, so his comments are appropriately reprinted here:

> This heated controversy . . . proves again that a complaint above the Plimsoll line may not be dismissed for failure to state a claim. It reminds us of the need for periodic exercise, for over and over and over again—but apparently not often enough—this Court has stated, explained, reiterated, stressed, rephrased, and emphasized one simple, long-established, well-publicized rule of Federal practice: a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim. (footnote omitted)

Cook & Nichol, Inc. v. Plimsoll Club, 451 F.2d 505, 506 (5th Cir. 1971). In order to prove its point, the Court then cited five of the more than sixty cases that it has been required to reverse and commented that the "casualty count continues to soar." 451 F.2d at 507. With this caution clearly in mind, then, this motion can be decided expeditiously.

The complaint alleges a violation of 42 U.S.C. § 1983 (1972) in that the defendants, Justices of the Peace in different districts in Florida, illegally allowed Justice of the Peace Byrum to preside over Justice of the Peace Court of District Four of Dade County, Florida, thereby allowing the defendant to pass on the probable cause for invoking

198

the jurisdiction of the Criminal Court of Record "for the violation of the law for which the *plaintiff* stood charged." Complaint, p. 4. The complaint seeks *inter alia* monetary damages, injunctive relief and the determination that this is a proper class action. The memorandum cites the Court to various cases holding that Judges and Justices of the Peace are immune from damages under the Civil Rights Acts. *See e. g.* Guedry v. Ford, 431 F.2d 660 (5th Cir. 1970); Danner v. Moore, 306 F.Supp. 433 (W. D.Pa.1969); and MacKay v. Nesbett, 285 F.Supp. 498, 502 (D.Alas.1968), aff'd 9 Cir., 412 F.2d 846, cert. denied 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425, reh. denied 397 U.S. 1004, 90 S.Ct. 1111, 25 L.Ed.2d 417. While this is true as a general proposition of law, it must be candidly admitted that it is not yet a universal proposition. There may be presented facts where it appears beyond peradventure that a Judge was acting outside the performance of his judicial duties. "The settlement agreement may not have extended to Giles's possible claims against the Justice of the Peace, the Sheriff, and their employees, but the trial court was correct in ruling that those defendants were immune from suit as judicial officers *under the circumstances of this case.*" (emphasis supplied) People of Mississippi ex rel. Giles v. Thomas, 464 F.2d 156, 159 (5th Cir. 1972). This appears to leave open the possibility of some circumstances where the immunity would not apply. The sitting of a Justice of the Peace outside of his district without legal authority might possibly present such circumstances Conley v. Gibson, *supra.*

The correct course in this case is to allow the "barebones pleadings," Webb v. Standard Oil Co., 414 F.2d 320 (5th Cir. 1969), to be fleshed out before a ruling is made on the merits of the complaint. It is possible that the same result may be reached in this case as in Madison v. Gerstein, 440 F.2d 338 (5th Cir. 1971) and People of State of Mis-

sissippi v. Thomas, *supra,* but at least it will not be done on a motion to dismiss. Cook & Nichol, Inc. v. Plimsoll Club, *supra.*