**James A. LOVE, Jr., et al., Plaintiffs,**

v.

**Charles NAVARRO, in his official capacity as Controller of the City of Los Angeles et al., Defendants.**

**No. 66–1280–IH.**

United States District Court
Central District California.

Jan. 10, 1967.

Phill Silver, Los Angeles, Cal., for plaintiffs.

Roger Arnebergh, City Atty., Bourke Jones, Asst. City Atty., Frank Wagner, Deputy City Atty., Los Angeles, Cal., Monteleone & McCrory, G. Robert Hale, Los Angeles, Cal., for defendants Tomei Const. Co. and Bellon Engineering Contractors, Inc.

## MEMORANDUM OPINION and ORDER OF DISMISSAL

IRVING HILL, District Judge.

The instant action is of a type, increasingly more common, in which citizens feel themselves aggrieved by some action of local government officials and come to the Federal Court under the Civil Rights Act believing, more emotionally than rationally, that they must be entitled to a remedy here. Plaintiffs are a group of homeowners residing in the La Tuna Canyon area of the City of Los Angeles who are unhappy because the City is building a new multi-lane road near their homes. They sue the individual members of the City's Board of Public Works, the City Controller, and the two privately-owned construction

companies who are building the road under contract with the City.

Plaintiffs' counsel conceded at the argument that no property of any plaintiff had been condemned or otherwise taken by the City for the road. Plaintiffs are essentially complaining that the location of the road near them will lessen their enjoyment of their homes. The complaint contains the standard Civil Rights Act allegations of deprivation of property without due process, denial of equal protection and deprivation of rights, privileges and immunities. As an added fillip, plaintiffs charge that the contractors are being paid public moneys without a prior appropriation, in violation of the Los Angeles City Charter. Their complaint says that they have obtained a preliminary injunction from the State Courts restraining such payment, but that the defendants are continuing the building of the road and payment for it despite the injunction.

All defendants move to dismiss the complaint as failing to state a cause of action. In considering the motion I have, of course, assumed that all of the allegations of the complaint are true. For the reasons stated infra, the motion will be granted and the complaint will be dismissed with prejudice. While this Court has jurisdiction under 28 U.S.C. § 1343, I conclude that no federal cause of action can be stated under the basic facts alleged and that there would be no purpose served by permitting an amended complaint to be filed.

The basic requisites of a cause of action under the Federal Civil Rights Act, 42 U.S.C. § 1981 et seq., are:

(1) that the persons accused be acting under color of state law (or in conspiracy with persons so acting); and

(2) that the action complained of infringes a federal constitutional or statutory right.

In this case, the allegations of the complaint are sufficient to make it clear that the members of the Board of Public Works and the City Controller are acting under color of state law.[1] It is established that state (or local) officials acting pursuant to their duties are acting "under color of state law" for the purposes of Civil Rights Act violations even if they are acting in violation of state law. McNeese v. Board of Education for Community Unit School Dist. 187, 373 U.S. 668, 83 S.Ct. 1433, 10 L. Ed.2d 622 (1963); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941).

Thus, the first requisite exists in this case. But the second requisite, infringement of a federal right, does not exist. The complaint is rambling and is replete with hortatory and evidentiary matter. When reduced to its essence, it charges that defendants' actions violated the following alleged rights of plaintiffs:

1. "The right of citizen taxpayers of a municipality to compel public officers to limit the expenditure of public funds to public projects lawfully authorized pursuant to the charter of the municipality."

2. The right not to have plaintiffs' neighborhood, now "harmonious, peaceful and pleasant", changed by the location through it of "a major thoroughfare" which will subject the residents "to the hazards, dangers and discomforts of heavy vehicular traffic". In connection with this alleged right, the complaint indiscriminately charges defendants' actions to be an unlawful discrimination and a violation of equal protection, due process and the privileges and immunities clause.

Both of the above will be discussed in turn. As will be seen, the facts alleged, even if entirely true, constitute no infringement of any federal right.

Plaintiffs' alleged right "to compel public officers to limit the expenditure of public funds to public proj-

---

1. Whether the defendant contractors are so acting is a more difficult question, but the decision in this case makes it unnecessary to decide that issue.

ects lawfully authorized" does not exist under any provision of the federal Constitution or any Act of Congress. The fact that officials of the city made payments for building the road in violation of the City Charter is of no aid to the plaintiffs in this Court. A right to have state (or city) laws obeyed is a state, not a federal, right. As the U. S. Supreme Court has said: "Mere violation of a state statute does not infringe the federal Constitution". Snowden v. Hughes, 321 U.S. 1, 11, 64 S.Ct. 397, 402, 88 L.Ed. 497 (1944). And it has been specifically held that no claim under the Civil Rights Act is stated by a local taxpayer who alleges a wrongful expenditure of municipal funds. Otto v. Somers, 332 F.2d 697 (6th Cir. 1964).[2]

■■■■ This brings us to the claim that the change in the neighborhood brought about by the road infringes federal rights. As part of this claim, plaintiffs allege that the road was authorized and built "to favor certain land developers who own land in the immediate area" and thus constituted unlawful discrimination. Accepting this charge as true, it does not set forth unlawful discrimination or the violation of a federal right. It is well settled that a public improvement, primarily or exclusively benefiting one small group of people, does not constitute unlawful discrimination against others who are not so benefited. "If the purpose [of an improvement] is legitimate because public, it will not

be defeated because the execution of it involves payments or incidental pecuniary benefits to private individuals or corporations." Robinette v. Chicago Land Clearance Comm., 115 F.Supp. 669, 673 (N.D.Ill.1951). Accord: Sherman v. Buick, 32 Cal. 241, 255 (1867); Wine v. Boyar, 220 Cal.App.2d 375, 33 Cal. Rptr. 787 (2d Dist.1963).

■■■■ It is also well settled that landowners adjoining a public improvement have no right to challenge its construction because it may change the character of their neighborhood and allegedly affect their enjoyment of their homes. As stated by the California Supreme Court in People ex rel. Dept. of Public Works v. Symons, 54 Cal.2d 855, 860, 9 Cal.Rptr. 363, 366, 357 P.2d 451, 454 (1960):

"It is established that when a public improvement is made on property adjoining that of one who claims to be damaged by such general factors as change of neighborhood, noise, dust, change of view, diminished access and other factors similar to the damages claimed in the instant case, there can be no recovery where there has been no actual taking or severance of the claimant's property."

■■■■ If plaintiffs' theory is correct and homeowners have a vested right to stop the erection of public improvements near them which they think will harm their neighborhood (or in the alternative, to obtain substantial damages as prayed

2. Plaintiff cites many cases on this aspect of the case but none are in point. Reynolds v. Wade, 249 F.2d 73, 17 Alaska 401 (9th Cir. 1957); Smith v. Government of Virgin Islands, 329 F.2d 131 (3d Cir. 1964); and Buscaglia v. District Court of San Juan, 145 F.2d 274 (1st Cir. 1944), cert. denied, 323 U.S. 793, 65 S.Ct. 434, 89 L.Ed. 632 (1945) involve alleged expenditures of territorial funds. In the territories of the United States the federal courts, as the local courts, have general jurisdiction. State of Illinois ex rel. McCollum v. Board of Education, 333 U.S. 203, 68 S.Ct. 461, 92 L.Ed. 648 (1948); Zorach v. Clauson, 343 U.S. 306, 72 S.Ct. 679, 96 L.Ed. 954

(1952); and Hamilton v. Regents of University of California, 293 U.S. 245, 55 S.Ct. 197, 79 L.Ed. 343 (1934) were all state court actions brought to the United States Supreme Court only under 28 U.S.C. § 1257. Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245 (1937), and Green v. Frazier, 253 U.S. 233, 40 S.Ct. 499, 64 L. Ed. 878 (1920) were both actions seeking to enjoin collection of state taxes. Union Pacific R.R. Co. v. Hall, 91 U.S. 343, 23 L.Ed. 428 (1875) involves no question of expenditure of public funds and a federal remedy was made available by specific federal statute.

for here), no state or municipality would be able to build public buildings, construct public works or zone its territories without the consent of all residents of the surrounding community. As the United States Supreme Court said in an analogous situation:

"A vested interest cannot be asserted against [a zoning ordinance] because of conditions once obtaining. * * * To so hold would preclude development and fix a city forever in its primitive conditions. There must be progress, and if in its march private interests are in the way, they must yield to the good of the community." Hadacheck v. Sebastian, 239 U.S. 394, 410, 36 S.Ct. 143, 145, 60 L.Ed. 348 (1915). See also Beverly Oil Co. v. City of Los Angeles, 40 Cal.2d 552, 557, 254 P.2d 865 (1953).[3]

█ From the foregoing discussion, it is clear that plaintiffs have failed to state a cause of action cognizable under the Civil Rights Act. It is likewise clear to me that no such cause of action can be stated. In such a case, dismissal of the action without leave to amend the complaint is proper. Sires v. Cole, 320 F.2d 877 (9th Cir. 1963).

█ The motion to dismiss is granted and the action ordered dismissed. The dismissal will operate as an adjudication on the merits insofar as rights under the Civil Rights Act are concerned.[4] The dismissal will not operate as an adjudication on the merits as to any rights or remedy plaintiffs may have in the State Courts on grounds other than the Civil Rights Act. Defendants shall recover their costs.

---

3. The case at bar is to be distinguished from Progress Development Corp. v. Mitchell, 286 F.2d 222 (7th Cir. 1961). There plaintiffs were owners of a tract of land and had announced their intention to build thereon a large racially-integrated apartment project. Substantial citizens' groups in the neighboring areas had opposed such a project, apparently on racial grounds. After municipal authorities had approved plaintiffs' plans and plaintiffs had started their street and utility improvements and construction of model units, the city ordered that plaintiffs' tract be condemned for park purposes. Plaintiffs' complaint, filed under the Civil Rights Act, alleged a conspiracy between the city officials and members of the citizens' committees opposing the project, to the end that the city's condemnation authority would be unlawfully subverted and plaintiffs' right to engage in a lawful business would be destroyed. This was held to state a cause of action under the Civil Rights Act. No such conspiracy and no allegations of destruction of a lawful business is alleged in the case at bar.

4. The fact that no good cause of action is stated does not deprive this court of jurisdiction to decide the case on the merits. Harvey v. Sadler, 331 F.2d 387 (9th Cir. 1964); York v. Story, 324 F. 2d 450 (9th Cir. 1963), cert. denied, 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659 (1964).