**Roscoe Martin GENTRY**

v.

**Asher HOWARD and Globe Indemnity Company.**

**Civ. A. No. 6229.**

United States District Court
E. D. Tennessee, N. D.

April 30, 1968.

496

William D. Vines, III, Knoxville, Tenn., for plaintiff.

W. P. O'Neil, O'Neil, Jarvis, Parker & Williamson, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

Roscoe Martin Gentry filed an action against Asher Howard, presiding judge of the Blount County Court, and his bondsman, Globe Indemnity Insurance Company, to recover $50,000.00 damages, claiming that he was discriminated against by defendant Howard who denied him the civil right to be voted upon for the office of ranger of Blount County. Jurisdiction is based upon Title 42 U.S.C. Sections 1983[1] and 1985 and 28 U.S.C. Section 1343.[2]

Plaintiff charges that in July, 1967 he submitted his oral application to the Blount County Court for the position of Blount County ranger under Sections 8–1401 through 1407, T.C.A. That defendant Howard discriminated against him in refusing to permit him to be voted upon by the members of the Court. That on October 6, 1967 plaintiff submitted a written application to be voted upon for the position and at the October, 1967 meeting of the Court he again attempted to have his name placed before the Court and defendant Howard again avoided a vote. That at the January,

---

1. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

"(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42."

* * * * *

1968 meeting of the Court Howard was reminded several times by the Clerk to bring the matter before the Court, but refused and avoided the vote; thus further denying plaintiff his rights.

The complaint further charges that Howard caused a resolution to be passed to the effect that only a member of the Court could place matters before the Court for a vote and that such resolution was also a denial of plaintiff's rights under the Constitution of the United States. The complaint likewise charges that Howard's actions were committed out of personal prejudice, without regard for plaintiff's qualifications and that such actions deprived plaintiff of rights, privileges and immunities, and equal protection and due process of law, as guaranteed to him by the Fifth and Fourteenth Amendments of the United States Constitution.

Defendants have filed motions to dismiss based upon a number of grounds. The principal ground for dismissal is that the complaint fails to state a claim upon which relief can be granted.

The motion of Howard is supported by affidavits of himself and Joe L. Marshall, County Court Clerk, to which is attached copies of minutes of the April and October terms of the Quarterly County Court of Blount County.

The April term minutes recite that "Squire" Tippins of the Sanitary Committee stated to the Court "that much had been said about a Ranger for Blount County, but that his Committee found no need for a Ranger." The minutes further recite that Tippins told the Court that there was need for removal of dead animals from the streams in Blount County and the picking up of dead animals from the public roads and also refuse dumped along the public roads and that the Health Department had agreed to provide service for these needs.

The October minutes recite that the County had not had a ranger for many years and that Roscoe Gentry had presented his name as an applicant for the position.

Affiant Marshall states that he was present at the meetings in July, 1967, October, 1967, January, 1968 and April, 1968 and that at the July, 1967 term the question of whether or not a ranger would be elected was not brought before the Court and no one was placed in nomination for the office. That Gentry's written application and request to have his name placed on the agenda to be voted on for the office of ranger was read at the October, 1967 term. The application was referred to the Sanitary Committee to determine whether or not there was need for a County ranger. At the January, 1968 term, the Court was reminded that the report of the Sanitary Committee had not been filed and when reports of committees were called for the Sanitary Committee did not report. At the April, 1968 term, the Sanitary Committee reported that the Committee had been advised that there was no need for a ranger. This report is reflected in the April, 1968 minutes of the Court.

Affiant Marshall further states that no ranger has been elected during the time he has been Clerk of the Court for Blount County and that he has examined the minutes of the Court for several years prior to the time he took office on September 1, 1946 and could find no records of a ranger having been elected by the Court.

Marshall states further that no resolution has been adopted during the term of his office or of the term of office of defendant Howard as County Judge to the effect that only a member of the Court may place matters before the Court for a vote. That at the July term, 1964 the Court adopted Roberts' Rules of Order as the parliamentary authority for conducting business of the Court.

It was stipulated during the oral arguments on the motions on April 24, 1968 that the Quarterly County Court of Blount County consists of forty-one members and that defendant Howard is

not a member and was not a member during the period of time covered in the complaint.

Defendant Howard, in his affidavit, corroborated the statements contained in the Marshall affidavit. Howard states that he has not refused Gentry's application to be voted upon by the Court for the office of ranger.

Section 8–1401 T.C.A.[3] provides that a ranger may be elected for each county by the members of the county court. There is no mandatory requirement upon the part of the county court to elect a ranger as is in the case of the election of coroners and surveyors. T. C.A. §§ 8–901 and 8–1201.

The question of electing a ranger addresses itself to the discretion of the members of the County Court.

■ All of the duties of the ranger that were set out in T.C.A. §§ 44–1501 through 1527 were repealed by Chapter 14, Section 1 of the 1963 Public Acts of Tennessee. The repealing act for all practicable purposes abolished the office of county ranger since he has no duties to perform under the Tennessee law as it now stands. It is obvious from the foregoing statutes that the office of ranger is a creature of Tennessee law.

. ■ Violation of rights which stem solely from a relationship of a citizen to his state or a right derived solely from state law is not protected by the Federal Constitution or the federal statutes. The right to become a candidate for state office is an incident to state citizenship rather than national citizenship. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497.

■ A denial of an application of a citizen to be voted upon for the office of ranger is not a denial of a right of property or of liberty secured by the due process clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States. Snowden v.

Hughes, supra; Taylor v. Beckham, 178 U.S. 548, 20 S.Ct. 890, 44 L.Ed. 1187.

The charge that plaintiff was unlawfully discriminated against by Howard cannot be sustained as no one has been elected to the office of ranger in Blount County.

Plaintiff is asking for damages for his inability to be voted on for an office that is without duties. Defendant Howard did not even have a vote. The complaint does not charge that plaintiff solicited any of the other 41 members of the Court to bring his name in nomination for the office.

■ Assuming arguendo that plaintiff's rights are protected by the federal constitution, we cannot say that the inaction on the part of Howard was discrimination or a deprivation of plaintiff's property rights.

In the case of Bond v. Floyd, 385 U.S. 116, 87 S.Ct. 339, 17 L.Ed.2d 235 (1966), the Court held that the Georgia legislature could not disqualify Bond from membership in the legislature because of his statements in opposition to the United States involvement in Vietnam because such statements were protected by the First Amendment to the Federal Constitution. The Court observed in its closing statement that "Because of our disposition of the case on First Amendment grounds, we need not decide the other issues advanced by Bond and the amici." (p. 137, 87 S.Ct. p. 350)

This Court concurs in the view expressed by the district judge in the case of Bacon v. Holzman, 264 F.Supp. 120 (D.C.1967) that the Supreme Court did not hold that Bond was deprived of his federally guaranteed right to hold state office, but that his state right to hold state office was denied because of an unconstitutional restraint upon his federal right of free speech. (p. 125) The district judge observed further that the

3. "8–1401. *Election—Term of office.*—A ranger may be elected for each county by the justices of the county court, who holds

his office for two (2) years, and until his successor is qualified."

*Bond* decision did not change the rule of law pronounced in the *Snowden* case, supra. See Charters v. Shaffer, 181 F.2d 764 (C.A.3, 1950).

For the reasons indicated and upon the authorities cited, defendants' motions to dismiss must be and are sustained.