**Henry DORSEY, Plaintiff-Appellant,**

v.

**NATIONAL ASSOCIATION FOR the AD-VANCEMENT OF COLORED PEO-PLE, et al., Defendants-Appellees.**

**No. 26368.**

United States Court of Appeals
Fifth Circuit.

March 18, 1969.

Rehearing Denied April 14, 1969.

J. Minos Simon, Lafayette, La., for appellant.

Louis Berry, Alexandria, La., Minos H. Armentor, New Iberia, La., Matthew Perry, Columbia, S. C., Robert L. Carter, Joan Franklin, Lewis M. Steel, New York City, for appellees.

Before THORNBERRY and AINSWORTH, Circuit Judges, and DAWKINS, District Judge.

AINSWORTH, Circuit Judge:

This appeal raises the question whether tenure rights as a city police officer, which are protected by the Louisiana Constitution in Article 14, can be vindicated in an action under 42 U.S.C. § 1983.

Accepting the "well-pleaded facts as the hypothesis for decision," Collins v. Hardyman, 341 U.S. 651, 652, 71 S.Ct. 937, 938, 95 L.Ed. 1253 (1951), the case can be stated briefly as follows: Appellant Dorsey was a member of the New Iberia, Louisiana, police force for twelve years until his dismissal by the police chief on April 25, 1967. The dismissal was precipitated by an incident in which Dorsey allegedly violated police regulations and allegedly committed simple

kidnap and simple battery upon Mrs. Rosemary V. Harris, a citizen of New Iberia. Dorsey appealed his dismissal to the New Iberia Fire and Police Civil Service Board, pursuant to constitutional procedures. La.Const. art. 14, § 15.1 [31]. The Board thereupon reinstated Dorsey without considering evidence of the indictments pending against him. A public outcry, alleged to have been conceived and fostered to a large extent by appellees, ultimately resulted in the Board's reversing its prior decision and suspending Dorsey pending the outcome of his trial for kidnap and battery.[1]

Title 42 U.S.C. § 1983 was originally enacted as Section 1 of the Anti-Ku Klux Klan Act of 1871, 17 Stat. 13 (1871), The act was aimed primarily at vindicating constitutional rights which were being abused in the post-bellum South. *See generally,* Virginia Commission on Constitutional Government, The Reconstruction Amendments' Debates (1967), pp. 484–570. Soon after its enactment, Congress revised the so-called civil rights statutes so as to protect all federal rights —be they constitutional or statutory. See Screws v. United States, 325 U.S. 91, 99, 65 S.Ct. 1031, 1034, 89 L.Ed. 1495 (1945); Hague v. Committee for Industrial Organization, 307 U.S. 496, 510, 59 S.Ct. 954, 961, 83 L.Ed. 1423 (1939).

This statute is now codified in 42 U.S.C. § 1983:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The motion to dismiss raises a simply phrased question: Has Dorsey been deprived of a "right" secured by the "Constitution and laws"?[2] The Third Circuit has answered an apparently similar question in the negative:

"It is perfectly plain that the plaintiff's right, if any he has, to be reinstated as a township policeman is derived solely from the law of Pennsylvania. This is not a right secured by the Constitution and laws of the United States within the meaning of Section [1983] of the [U.S.Code]."

Charters v. Shaffer, 3 Cir., 1950, 181 F. 2d 764, 765. Whatever "rights" Dorsey may have to be reinstated as a New Iberia policeman derives solely, under the facts alleged in this record, from the law of Louisiana. Their deprivation, therefore, is not the subject of a claim for relief under 42 U.S.C. § 1983. See Snowden v. Hughes, 321 U.S. 1, 11, 64 S.Ct. 397, 402, 88 L.Ed. 497 (1944). *Cf.* Love v. Navarro, C.D.Calif., 1967, 262 F.Supp. 520, 552 (right to have state law obeyed is not a federal right protected by Section 1983).[3]

---

1. At this point Dorsey could have vindicated his rights by a judicial review procedure authorized in the Louisiana Constitution. Nevertheless, Dorsey chose to claim in a federal forum that the Board acted unlawfully and that appellees conspired in and prompted such unlawful action—all in derogation of some right protected by 42 U.S.C. § 1983. This appeal is from the granting of a motion by appellees to dismiss Dorsey's claim pursuant to Rule 12(b) (6), Fed.R.Civ. P.

2. Dorsey's brief alludes to 42 U.S.C. §§ 1981 and 1988. Without intimating an opinion as to the applicability of these sections to the other defendants named in Dorsey's complaint who are not parties to the motion to dismiss, we note that Sections 1981 and 1988 cannot be made applicable to the appellees.

3. Our resolution of this case obviates the necessity for passing on the problem of whether the N.A.A.C.P. was acting under color of law within the meaning of Section 1983 as construed by the Supreme Court in United States v. Price, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966).

██ Any plaintiff who can allege deprivation of a *federal* right by reason of action under color of law can maintain his action under Section 1983. But it is axiomatic that these civil rights statutes of the post-bellum period were not intended to preempt state laws in their proper role of vindicating what are essentially state-guaranteed rights. Read against the background of its enactment and the plainly available opportunities under Louisiana law for Dorsey to vindicate his employment "rights," we think that Section 1983 cannot be construed to convert this state cause of action into a federal claim for relief.[4]

We, therefore, affirm the action of the trial judge in granting the motion to dismiss Dorsey's complaint.

Affirmed.

---

4. Appellees' vague claim of deprivation of due process and equal protection is without merit. The Louisiana Constitution specifically authorizes modification of an order when the prior Board decision was undesirable, unnecessary, or contrary to the public interest. La.Const. art. 14, § 15.1[7d]. Moreover, even in the face of such modification, Dorsey still retained a

state constitutional right to judicial review of all prior orders of the Board.