**NATIONWIDE AMUSEMENTS, INC.**

v.

**George L. NATTIN, Mayor, et al.**

**Civ. A. No. 15903.**

United States District Court,
W. D. Louisiana,
Shreveport Division.

March 19, 1971.

96

James E. Bookter, Bossier City, La., Frierson M. Graves, Jr., Heiskell, Donelson, Adams, Williams & Nall, Memphis, Tenn., James E. Bolin, Jr., Booth, Lockard, Jack, Pleasant and LeSage, Shreveport, La., for plaintiff.

Billy R. Robinson, Robinson & McKneely, Bossier City, La., John L. Schober, Jr., Feist, Schober, Gray & Howell, Shreveport, La., for defendants.

## OPINION

BEN C. DAWKINS, Jr., Chief Judge.

Plaintiff, Nationwide Amusements, Inc., a Louisiana corporation, brings this

action against the named city officials of Bossier City, Louisiana, claiming a deprivation under color of law of rights, privileges, and immunities secured it by the First and Fourteenth Amendments to the United States Constitution.

Jurisdiction is asserted under 28 U.S.C. § 1343, alleging violation of substantive rights under 42 U.S.C. § 1983. Injunctive, declaratory (28 U.S.C. § 2201), and pecuniary relief is sought. The matter came up for hearing on plaintiff's rule to show cause why a preliminary injunction should not be issued: (1) restraining defendants from interfering with plaintiff in its attempted operation of an "adult"-type[1] motion picture theatre and (2) restraining the defendants from harassing or interfering with plaintiff in its operation of a motion picture theatre as a non-conforming use and not requiring plaintiff to provide additional off-street parking.[2]

As noted, the asserted cause of action is predicated on 42 U.S.C. § 1983:

"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

On the pleadings, plaintiff stated a cause of action under Section 1983 based on alleged harassment and interference due to the fact that plaintiff intended to show "adult" type movies which right is protected by the First and Fourteenth Amendments.[3] This Court clearly has jurisdiction over these constitutional claims. The facts as developed at the hearing, however, failed to support the charges of violation of constitutional or federal rights; this, of course, could not be determined until the hearing was concluded. Plaintiff utterly failed to carry its burden of showing that defendants' actions were prompted other than by legitimate interests in applying and enforcing local zoning regulations, with respect to off-street parking requirements. The evidence did not show that the failure to grant plaintiff its certificate of occupancy was motivated by the nature of movies to be exhibited or that such failure was constitutionally arbitrary and unreasonable.[4]

1. Also called "art" or "X-rated" movies.

2. Section 24–182 of the Bossier City Zoning Ordinance provides in part:
"No land shall be used or occupied, no structure shall be * * * used * * * unless the off-street park-facilities herein required are provided in at least the amount and maintained in the manner herein set forth * * *."
Section 24–186 in relevant part provides:
"At least the following amounts of off-street parking facilities shall be provided * * * Theaters, * * * one space per three seats."
The evidence unquestionably reflects that plaintiff does not have the requisite off-street parking. In defense of this, it calls for a contrary interpretation than that of the city officials of the non-conforming use provisions of the Ordinances, especially Section 24–218:
"The non-conforming use of a building may be changed to another non-conforming use that is in the same (or higher) use group as the previous nonconforming use * * *."

3. See, e. g., Interstate Circuit, Inc. v. City of Dallas, 390 U.S. 676, 88 S.Ct. 1298, 20 L.Ed.2d 225 (1968); Kingsley International Pictures Corp. v. Regents of University of State of New York, 360 U.S. 684, 79 S.Ct. 1362, 3 L.Ed.2d 1512 (1959); Joseph Burstyn, Inc. v. Wilson, 343 U.S. 495, 72 S.Ct. 777, 96 L.Ed. 1098 (1952); Kay v. White, 286 F.Supp. 684 (E.D.La.1968).

4. We recognize, to say the least, a lack of enthusiasm on the part of the city officials, but plaintiff did not establish that this was motivated by the type of films to be exhibited *and* that the city officials were acting outside their lawful scope in enforcing the facially legitimate zoning ordinances.

██ Judge Ainsworth has stated the proper scope of a Section 1983 cause of action:

"Any plaintiff who can allege deprivation of a *federal* right by reason of action under color of law can maintain his action under Section 1983. *But it is axiomatic that these civil rights statutes of the post-bellum period were not intended to pre-empt state laws in their proper role of vindicating what are essentially state-guaranteed rights.*"[5] (Latter emphasis added.)

 Although plaintiff here did allege sufficient constitutional or federal rights to state a cause of action under Section 1983, it totally has failed to prove those allegations at the hearing. Assuming—without in any way deciding and with no inference intended—some ambiguities or discrepancies in application of the zoning ordinances here, the right to have state law strictly obeyed is not a federal right protected by Section 1983. The Fourteenth Amendment does not require that state officials obey state laws in every regard. The United States Supreme Court in Snowden v. Hughes,[6] noted:

"Mere violation of a state statute does not infringe the federal Constitution. * * * It was not intended by the Fourteenth Amendment and the Civil Rights Acts that all matters formerly within the exclusive cognizance of the states should become matters of national concern."

██ In light of plaintiff's failure to prove constitutional or federal rights violations, in order for this Court to decide this case, it would be called upon to interpret and apply local zoning ordinances. While under the doctrine of pendent jurisdiction we would have the authority to decide the case by relying on the local ordinances, we abstain from so doing.[7] If this, or other federal district courts, were to accept jurisdiction in all zoning matters, our already overcrowded dockets literally would be swamped, especially considering the hundreds, if not thousands, of similar matters arising in all metropolitan areas of this country. Abstention here is particularly appropriate. Not only did plaintiff fail to exhaust its administrative remedies, but it had previously resorted to the state courts in closely related matters and had been granted appropriate relief.[8] Moreover, interpretation and application of these local zoning ordinances are particularly within the competence of local administrative bodies and state courts.

We, therefore, dismiss this action without prejudice to plaintiff's pursuing proper relief in the state courts or before administrative bodies.

5. Dorsey v. NAACP, 408 F.2d 1022, 1024 (5th Cir. 1969).

6. 321 U.S. 1, 11, 64 S.Ct. 397, 402, 88 L.Ed. 497 (1944). *See also,* Dorsey v. NAACP, *supra*; Sauls v. Hutto, 304 F. Supp. 124 (E.D.La.1969); Love v. Navarro, 262 F.Supp. 520 (C.D.Cal.1967).

7. *See,* United Mineworkers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1969). *See also* Wright, Federal Courts § 52 (2d Ed., 1970).

The Court in *Gibbs* at 726, 86 S.Ct. at 1139 noted, "[t]hat power [to invoke pendent jurisdiction] need not be exercised in every case in which it is found to exist. * * * pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."

8. The fact that plaintiff has available state administrative and state court remedies obviates any due process argument.