445 F.2d 1059
 William O'Donnell MILLER et al., Plaintiffs-Appellants,
v.
Stanley T. KUSPER, Jr., individually and as Chairman of the Board of Election Commissioners of the City of Chicago, Illinois, and Paul J. Kole, individually and as Director, Chicago Datacenter, Office of the Mayor, City of Chicago, Illinois, most commonly known as the Mayor's Datacenter, Defendants-Appellees.
 No. 18797.
 United States Court of Appeals, Seventh Circuit.
 July 15, 1971.
 
 Norman M. Garland, Chicago, Ill., for plaintiffs-appellants.
 Richard L. Curry, Richard F. Friedman, Corp. Counsel, William R. Ming, Jr., Howard M. Miller, Sophia H. Hall, Andrew M. Raucci, Chicago, Ill., for defendants-appellees; Marvin E. Aspen, Asst. Corp. Counsel, of counsel.
 Before KILEY, FAIRCHILD and PELL, Circuit Judges.
 PELL, Circuit Judge.
 
 
 1
 Plaintiffs in the district court sought a mandatory injunction and declaratory judgment which would have required officials of the City of Chicago to produce for inspection and copying by the plaintiffs, Miller and Bohus, certain records maintained by the city in computerized form. Jurisdiction was claimed under 28 U.S.C. § 1343 and relief sought pursuant to 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 1983.
 
 
 2
 Miller and Bohus asserted they were independent candidates for the office of alderman in Chicago. Plaintiffs Gibbons and Speropulos, residing in the respective wards of Miller and Bohus, are registered voters who indicated an intention to support the above candidacies.
 
 
 3
 The information sought allegedly includes the name, address, zip code, precinct, ward, date of registration, identification number, political affiliation and record of past elections participated in by each registered voter. This information is stored on computer tapes in the City of Chicago Datacenter for the use of the Board of Election Commissioners.
 
 
 4
 The Illinois Election Code provides for the availability to the public of printed precinct registers containing the names and addresses of all persons in each precinct. Ill.Rev.Stat. ch. 46, §§ 6-43 and 6-60 (1969). However, another statutory provision contains the following restriction:
 
 
 5
 "* * * [N]o information contained in the register of voters, except the name and address of the voter and the name of the political party in whose primary the voter voted, shall be given by the officer in charge thereof or copies by any person except in those cases where the information given or the copy made or desired is for the purpose of determining the question of the exercise of the right to vote." Ill.Rev.Stat. ch. 46, § 6-65 (1969).
 
 
 6
 Plaintiffs concede that most of the information they seek is available and was in fact offered to them in the form of poll lists. But plaintiffs allege that the expense of gathering and computerizing that part of the information sought which is available to them in non-computerized form is $6,000, that they cannot afford such an expenditure, and that they are willing to pay defendants for the cost of reproduction, which they estimate to be approximately $50.
 
 
 7
 Before their appeal was heard by this court, Bohus and Miller both ceased to be independent candidates for the office of alderman. Thus defendants contend as a threshold proposition that this case no longer presents a justiciable issue. Citing Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969), defendants argue that there is no longer a justiciable controversy between the parties. Unlike the factual situation in Golden, we cannot say as a certainty that it is unlikely that the two candidate-plaintiffs will seek the office of alderman in the future. Id., at 108-109, 89 S.Ct. 956. Moreover, the two voter-plaintiffs may wish to support other independent candidates in future elections. Cf. Shakman v. Democratic Organization of Cook County, 435 F.2d 267, 268 (7th Cir. 1970). We therefore will proceed to the merits of the cause.
 
 
 8
 Judge Decker denied plaintiffs' motion for a preliminary injunction, and granted defendants' motion to dismiss.
 
 
 9
 In his supporting memorandum opinion, Judge Decker noted that Miller and Bohus, who claimed not to be affiliated with either major political party, did not state that defendants make the computerized records available to these parties, but only contended that each party has privately collected most of the data sought in noncomputerized form. Plaintiffs conceded that defendants only make the records available in computerized form to governmental employees for use in the performance of their official duties. Since no contention was made as to unequal treatment or establishing any kind of classification, Judge Decker concluded that plaintiffs failed to demonstrate an equal protection claim.
 
 
 10
 Further analyzing the complaint, Judge Decker determined that plaintiffs were relying upon the doctrine that it is a denial of due process to limit the freedoms of speech and assembly guaranteed by the first amendment. He pointed out that no authority had been cited in support of the proposition that state officials' refusal to disclose internal records abridges these freedoms. While the first amendment prohibits "abridging" protected freedoms, Judge Decker stated that this "refers to interference with or limitation of these rights, and is not a command that the state underwrite, subsidize, or otherwise actively contribute to their exercise." He found the cases relied upon by plaintiffs to be inappropriate because they all involved situations where there was an affirmative interference with, a burden placed on or an invasion of first amendment rights. Judge Decker characterized the present case as being a situation where the defendants have chosen not to facilitate first amendment association rather than prohibiting it. Viewed in such a light, he concluded that plaintiffs failed to state a claim of an abridgment of the right of assembly or speech, or of a denial of due process.
 
 
 11
 Having carefully considered the record before us on this appeal together with the arguments and authority proffered by plaintiffs, we conclude that Judge Decker properly dismissed the complaint.
 
 
 12
 No claim is made in the case at hand that the statutory scheme or defendants' conduct operates to treat the plaintiffs unequally as compared with any other persons. Nor do plaintiffs allege that defendants' refusal operates to decrease the freedoms protected by the first amendment.
 
 
 13
 Rather, the essence of the complaint is that defendants should allow the request in order to facilitate plaintiffs' attempt to achieve equal footing with the two major parties, which maintain similar information at their own expense. While we can perceive no harm in allowing this, we are not of the opinion that the first or fourteenth amendments affirmatively require such a result, the effect of which would be to prefer particular persons rather than to guarantee equal treatment to all.
 
 
 14
 In addition to the failure to establish the denial of any constitutional rights, plaintiffs' action is defective for another reason. A requirement of a valid cause of action under 42 U.S.C. § 1983 is that the accused person be acting "under color of" state law. This connotes a misuse of power, as opposed to the present situation where defendants are neither abusing their authority nor applying the law in an unconstitutional manner. See Monroe v. Pape, 365 U.S. 167, 184-187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); and United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941). Since there has been no showing that defendants have misused the power of their offices, no cause of action has been established.
 
 
 15
 Even if we were to construe plaintiffs' complaint as attacking the constitutionality of the statutory scheme which dictates defendants' action, jurisdiction would not be present under 42 U.S.C. § 1983. See United States ex rel. McNeill v. Tarumianz, 242 F.2d 191 (3d Cir. 1957).
 
 
 16
 For the reasons hereinbefore set out the judgment of the district court is affirmed.
 
 
 17
 FAIRCHILD, Circuit Judge (dissenting).
 
 
 18
 I respectfully dissent. It is conceded that plaintiffs are entitled, under Illinois laws, to at least a portion of the information they seek. The dispute is whether the defendants supply it in printed form or in computer readable form. Taking the averments of the complaint as true, it appears that defendants have and are able to supply the material in the desired form at nominal expense to the public treasury, for which plaintiffs offer reimbursement; that plaintiffs' endeavor as political independents to exercise first amendment rights was substantially burdened by the greater expense of using the printed form of the material. Although there is no claim that defendants supply the computer readable form of material to the established political organizations, there lurks the likely fact of life that these organizations have no comparable need for it.
 
 
 19
 If there be facts establishing constitutionally adequate reasons for defendants' insistence on delivering the information only in printed form, defendants have not pleaded them.