Ella **SAUNDERS** et al., Plaintiffs,

v.

William E. **CAHILL** et al., Defendants.

**No. 72 C 437.**

United States District Court,
N. D. Illinois, E. D.

May 17, 1973.

Gilbert A. Cornfield, Kleiman, Cornfield & Feldman, Chicago, Ill., for plaintiffs.

Richard L. Curry, Corp. Counsel, Michael Small, Frank G. Sulewski, Asst. Corp. Counsel, for the City of Chicago, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This is an action to redress the alleged deprivation of the plaintiffs' civil rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. § 1983. The plaintiffs also seek a declaratory judgment pursuant to 28 U.S.C. § 2201.

The plaintiffs are 52 certified civil service employees occupying various titles and positions in diverse departments of the municipal government of the City of Chicago. The named plaintiffs are all members of Local 505, Council 19, American Federation of State, County and Municipal Employees, AFL–CIO ("Local 505") which, according to the plaintiffs, consists almost exclusively of employees of the City of Chicago. The plaintiffs allege that Local 505 has been a voluntary association existing for the purpose of, in part, negotiating for and representing its members in connection with their hours, wages and working conditions as employees of the City of Chicago.

The plaintiffs bring this action as individuals and as representatives of a class consisting of the members of Local 505.

The defendants are William E. Cahill, Reginald Dubois and Quentin J. Goodwin, respectively President and Commissioners of the Chicago Civil Service Commission, and Richard J. Daley, Mayor of the City of Chicago.

The Civil Service Commission of Chicago is responsible for establishing and administering a civil service system for the classification, selection, promotion, and severance of certain types of employees employed by the City of Chicago pursuant to Chapter 24 of the Illinois Revised Statutes § 10–1–1 et seq.

The plaintiffs, in their complaint, allege, *inter alia*, the following facts:

1. The State of Illinois, by statute, has established a civil service system for the City of Chicago and defined the respective rights and obligations of the Commission and the employees of the City of Chicago.[1] The state statute requires that the local Civil Service Commission establish rules for its governance not inconsistent with the statute.[2] In general, under the statute, positions in the classified civil service subject to the jurisdiction of the Commission must be filled by an objective and open system of examination.[3] Pursuant to this system of examinations, the local Civil Service Commission is required to prepare and

---

1. See generally, 24 Ill.Rev.Stat. § 10–1–1 et seq.

2. Section 10–1–5 of Chapter 24 of the Illinois Revised Statutes provides:
   The commission shall make rules to carry out the purposes of this Division 1, and for examinations, appointments and removals in accordance with its provisions, and the commission may, from time to time, make changes in the original rules.

3. Section 10–1–7 of Chapter 24 of the Illinois Revised Statutes provides, in relevant part:
   All applicants for offices or places in the classified service, except those mentioned in Section 10–1–17 and members of the fire and police departments who have been appointed, or shall hereafter

maintain a register of eligible persons for filling vacancies in employment for the City of Chicago.[4] Vacancies within the Chicago Civil Service are to be filled within the service by an objective and open system of examination.[5] The state statute specifically prohibits the filling of vacancies in any other manner, except under extraordinary circumstances for temporary periods.[6] Further, the state statute specifically prohibits the use of corrupt or political influence in securing positions or promotions within the civil service system.[7]

2. The defendants, jointly and severally, have failed and refused to disclose or make available for inspection general information and lists of employees in the Chicago civil service system. More specifically, the defendants have failed and refused to make available for inspection the lists, names or any information concerning the vacancies, appointments or present positions held by individuals on temporary appointment. The plaintiffs contend that temporary appointments to vacancies in the Chicago civil service system, instead of providing for the right to such vacancies via examinations and eligibility tests, subvert the rights of the individual plaintiffs and the class which they seek to represent as members of the Chicago civil service system. Further, unless full disclosure is made by the defendants, it is impossible for the plaintiffs individually or as representatives of a class, to determine whether their rights of promotion and appointment within the Chicago civil service system

---

be appointed, to their respective positions of Division 2 of this Article, shall be subject to examination, which shall be public, competitive, and open to all citizens of the United States, with specified limitations as to residence, age, health, habits and moral character.

4. Section 10–1–12 of Chapter 24 of the Illinois Revised Statutes provides:
From the returns or reports of the examiners, or from the examinations made by the commission, the commission shall prepare a register for each grade or class of positions in the classified service of such municipality of the persons whose general average standing upon examination for such grade or class is not less than the minimum fixed by the rules of such commission, and who are otherwise eligible. Such persons shall take rank upon the register as candidates in the order of their relative excellence as determined by examination, without reference to priority of time of examination.

5. Section 10–1–13 of Chapter 24 of the Illinois Revised Statutes provides, in relevant part:
The commission shall, by its rules, provide for promotions in such classified service, on the basis of ascertained merit and seniority in service and examinations and shall provide, in all cases where it is practicable, that vacancies shall be filled by promotion. All exam-

inations for promotion shall be competitive among such members of the next lower rank as desire to submit themselves to such examination . . . The commission shall submit to the appointing power the names of not more than 3 applicants for each promotion having the highest rating . . . The method of examination and the rules governing the same, and the method of certifying, shall be the same as provided for applicants for original appointment.

6. Section 10–1–14 of Chapter 24 of the Illinois Revised Statutes provides, in relevant part:
. . . To prevent the stoppage of public business, or to meet extraordinary exigencies, the head of any department or office may, with the approval of the commission, make temporary appointment to remain in force not exceeding 120 days, and only until regular appointments under the provisions of this Division 1 can be made.

7. Such prohibitions are contained in the following sections of Chapter 24 of the Illinois Revised Statutes: § 10–1–30 (payments to public officials); § 10–1–31 (corrupt use of official influence); § 10–1–32 (payment for appointment); § 10–1–33 (recommendation for political service); and § 10–1–34 (corrupt use of political influence).

are affected and whether they should initiate appropriate procedures to secure their rights.

3. No procedure has been established by the defendants by which employees of the City of Chicago under the civil service system can process grievances or complaints to the commission or officials of the City of Chicago. More specifically, no grievance procedure exists for the purpose of protesting the failure to appoint to a vacant position in the said civil service system nor is there a procedure to determine that such vacancies exist or are being filled by a temporary appointment. Neither the Illinois statute, the ordinances of the City of Chicago, nor the rules of the commission require public disclosure of information concerning certified and temporary appointees within the civil service system of the City of Chicago. The plaintiffs, on information and belief, claim that the substantial majority of said temporary appointments exceed the 120 limit, and are not for the purpose of preventing the stoppage of public business or to meet extraordinary exigencies. Further, the temporary appointment system has been used and is being used for the purpose of providing initial employment and promotion for political reasons.

4. The actions of the defendants, individually and jointly, are in violation of 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments to the Constitution of the United States. More specifically, the defendants, in refusing to provide information concerning temporary appointments within the civil service system of the City of Chicago have denied the plaintiffs, both named and as a class, the effective right to seek redress of grievance, due process and equal protection. The plaintiffs have been denied equal protection of the laws and freedom of speech and assembly by the defendant public officials, in that preference for appointments to positions within the civil service of the City of Chicago have been and are being based upon political consideration.

The plaintiffs seek a declaration of their rights, injunctive and equitable relief, plus the cost of maintaining this action.[8]

The defendants, in support of their motion to dismiss, contend that:

1. Rights established by state law are not subject to a claim under 42 U.S.C. § 1983 or the United States Constitution.

2. There is no violation of the United States Constitution or 42 U.S.

8. Specifically, the plaintiffs request:
1. A declaration of their rights and a temporary injunction against the defendants restraining them from making any further temporary appointments to positions within the civil service system of the City of Chicago without prior approval of this Court and from certifying a person filling a position through temporary appointment.
2. That the defendants be ordered to make available for public inspection the names, positions filled, grade and nature of appointment, whether temporary or certified, and the dates of appointment for all present employees within the civil service of the City of Chicago.
3. That the defendants be ordered to provide for public inspection and continue to so provide, for identification and description of all vacancies that presently exist and in the future will exist within the civil service system of the City of Chicago.
4. That the defendants be ordered to expeditiously file with this Court a written procedure for processing grievances for employees within the Chicago civil service system which relate to complaints concerning the filling of vacancies within the Chicago civil service system and/or the opportunity to participate in open competitive examinations to fill such vacancies.
5. To recover the cost of maintaining this action and such other relief and damages as this Court may see as equitable and just.

C. § 1983 by officials' refusal to disclose information equally to all.

3. There is no vested or Constitutional right to public employment.

4. Plaintiffs' conclusory allegation of political preference, unsupported by facts, will not suffice to bring their claim within the purview of 42 U.S.C. § 1983 or the United States Constitution.

The plaintiffs, in opposition to the instant motion, contend that the complaint adequately states a claim upon which relief can be granted.

It is the opinion of this Court that defendants' motion is meritorious.

**I. PLAINTIFFS' RIGHTS EXISTING SOLELY UNDER STATE LAW ARE NOT THE PROPER SUBJECT FOR A CIVIL RIGHTS ACTION UNDER 42 U.S.C. § 1983.**

The plaintiffs are seeking relief in this Court for alleged violations of their civil rights as Chicago civil service employees. More specifically, plaintiffs allege that their rights created solely by an Illinois State statute have been violated by the defendants through the defendants' disregard for the applicable state statute.

Title 42 U.S.C. § 1983 was originally enacted as Section 1 of the Anti-Ku Klux Klan Act of 1871, 17 Stat. 13 (1871). This Act was aimed primarily at vindicating constitutional rights which were being abused in the post bellum South. Soon after its enactment, Congress revised this so-called civil rights statute as to protect all federal rights, constitutional or statutory. Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); Hague v. Committee for Industrial Organization, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). This statute is now codified in 42 U.S.C. § 1983.

It is clear that if the plaintiffs have a right to information concerning vacancies filled by temporary appointees and the right to apply for promotion to such vacancies, these rights are derived solely from the law of Illinois. The plaintiffs

rights are not rights secured by the constitution or laws of the United States within the meaning of 42 U.S.C. § 1983. The alleged deprivation of plaintiffs' state created rights is not the proper subject of a claim for relief under 42 U.S.C. § 1983. Dorsey v. N.A.A.C.P., 408 F.2d 1022 (5th Cir. 1969), cert. denied, 396 U.S. 847, 90 S.Ct. 58, 24 L.Ed.2d 97. See also Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Sigler v. Lowrie, 404 F.2d 659 (8th Cir. 1968); Charters v. Shaffer, 181 F.2d 764 (3rd Cir. 1964).

It is well settled that the plaintiffs' alleged right to have the relevant state law strictly obeyed is not a federal right protected by the Civil Rights Act of 1871, 42 U.S.C. § 1983, or the Constitution of the United States. Nationwide Amusements, Inc. v. Nattin, 325 F.Supp. 95 (W.D.La.1971); Sauls v. Hutto, 304 F.Supp. 124 (E.D.La.1969); Gentry v. Howard, 288 F.Supp. 495 (E.D.Tenn. 1968); Kelly v. Wyman, 294 F.Supp. 893 (S.D.N.Y.1968); Love v. Navarro, 262 F.Supp. 520 (C.D.Cal.1967); Bradford v. Lefkowitz, 240 F.Supp. 969 (S.D.N.Y.1965). The non-existence of a federal right in the instant action does not foreclose the plaintiffs from seeking appropriate relief in an Illinois State court, whose duty is to interpret and enforce the laws of Illinois, the source of the plaintiffs' alleged rights.

**II. THE PLAINTIFFS' CONCLUSORY ALLEGATIONS UNSUPPORTED BY ANY FACTUAL DETAILS ARE INSUFFICIENT TO ALLEGE A CONSTITUTIONAL VIOLATION.**

It is well settled that an individual, in assuming public employment, retains all the rights and protections otherwise afforded him by the United States Constitution. Orr v. Thorpe, 427 F.2d 1129 (5th Cir. 1970); Pred v. Board of Public Instruction, 415 F.2d 851 (5th Cir. 1969). One of these constitutionally protected rights is that of freedom from arbitrary and unreasonable conduct on the part of the government. The philosophy that public employment

is completely privileged and may be predicated on unreasonable conditions has been uniformly rejected. Keyishian v. Board of Regents, 385 U.S. 589, 87 S. Ct. 675, 17 L.Ed.2d 629 (1967); Johnson v. Branch, 364 F.2d 177 (4th Cir. 1966) cert. denied, 385 U.S. 1003, 87 S. Ct. 706, 17 L.Ed.2d 542 (1967). To state that a person does not have a constitutional right to government employment is only to say that he must comply with reasonable, lawful and non-discriminatory terms laid down by the proper authorities. Pickering v. Board of Education, 391 U.S. 563, 83 S.Ct. 1731, 20 L.Ed.2d 811 (1968); Slochower v. Board of Higher Education, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692 (1956); Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952).

However, a plaintiff seeking redress from a United States District Court for an alleged constitutional violation by a government employer must sufficiently allege his claim and the putative unconstitutional acts of the government employer.

The plaintiffs, in their complaint, claim that while no state statute, city ordinance or civil service regulation requires public disclosure of information concerning certified and temporary appointees within the civil service system of the City of Chicago, the defendants'

refusal to make such information available to them as a group violates the Fifth and Fourteenth Amendments to the Constitution of the United States by effectively denying them the right to seek redress of grievances, due process and equal protection.

Nowhere in the plaintiffs' complaint is it alleged that the information which they seek is made available to others as opposed to them and the class they purport to represent. Since no contention is made of unequal treatment or establishment of any restrictive classification, it is clear that the plaintiffs have failed to demonstrate an unequal protection claim.[9] Miller v. Kusper, 445 F.2d 1059 (7th Cir. 1971). Further the plaintiffs have failed to demonstrate that they were deprived of any vested right without procedural due process.[10] See Tichon v. Harder, 438 F.2d 1396 (2nd Cir. 1971); Parker v. Board of Education of Prince George's County, 237 F.Supp. 222 (D.C.Md.1965), aff'd, 348 F.2d 464 (4th Cir. 1965), cert. denied, 382 U.S. 1030, 86 S.Ct. 653, 15 L.Ed.2d 543 (1966); McLaughlin v. Tilendis, 398 F.2d 287 (7th Cir. 1968); Birnbaum v. Trussell, 371 F.2d 672 (2nd Cir. 1966).

The plaintiffs in the last paragraph of their complaint allege that they have been denied equal protection of the law, freedom of speech and assembly in that

9. It appears to this Court that the instant dispute is one of form rather than substance. The plaintiffs, through Ella Saunders, President of Local 505, have demanded carte blanche statements concerning vacancies, appointments, and present positions held by individuals on temporary appointment, and the list and/or register of employees eligible for promotion within the classified civil service as the result of successfully completing competitive examinations. The Civil Service Commission of the City of Chicago has represented to this Court that it has been and is its practice to give information as to whether a particular position in the Chicago classified civil service is occupied by a temporary appointee, upon request, by any certified civil service employee occupying the next lower grade within lines of his or her eligibility for promotional examination to said position.

10. The plaintiffs contend that they were denied procedural due process as established in Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). It is apparent that there is a significant difference between the procedural rights of a public school teacher who is fired and the speculative procedural rights of a public employee who seeks information of vacancies filled by temporary employees, so that he *might* in the future use this information to gain a promotion. Further, Mr. Chief Justice Burger in his concurring opinion in *Roth* gave some sound advice to Federal District Courts. If the relevant state law is unclear as to the vested rights of a public employee, the Federal Court should abstain from deciding whether a public employee is entitled to full procedural due process and the public employee should be left to resort to the state courts on the questions arising under state law.

preference for appointment to positions within the civil service have been and are being based upon political considerations. Such an allegation, though always serious, is not sufficient to state a cause of action. The plaintiffs make this allegation in broad conclusory terms, without setting forth any direct relation to any of the facts alleged previously in the complaint. This allegation is clearly insufficient to state a cause of action under 42 U.S.C. § 1983 or a claim for a violation of the Constitution of the United States. Miller v. Kusper, *supra*. See also Finley v. Rittenhouse, 416 F.2d 1186 (9th Cir. 1969); Lee v. Wilson, 363 F.2d 824 (9th Cir. 1966); Birnbaum v. Trussell, *supra*; Stiltner v. Rhay, 322 F.2d 314 (9th Cir. 1965); Stanturf v. Sipes, 335 F.2d 224 (8th Cir. 1964); Huey v. Barloga, 277 F.Supp. 864 (D.C.Ill.1967); Danner v. Moore, 306 F.Supp. 433 (W.D.Pa.1969).

Accordingly, it is hereby ordered that the defendants' motion to dismiss is granted.