**Captain C. J. TAYLOR et al.,**
**Plaintiffs-Appellees,**
**v.**
**The CITY OF JACKSON et al.,**
**Defendants-Appellants,**
**L. J. Sullivan et al., Intervenors.**
**No. 73-2462**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 20, 1973.

E. Grady Jolly, Jr., Paul O. Miller, III, John E. Stone, Jackson, Miss., for defendants-appellants.

E. P. Lobrano, Cary E. Bufkin, Jackson, Miss., for Capt. C. J. Taylor.

George F. Woodliff, Sam E. Scott, Jackson, Miss., for intervenors.

Before BELL, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Captain C. J. Taylor, a Jackson, Mississippi, police officer, seeks to invoke

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

federal jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3), complaining of mistreatment at the hands of the municipal civil service commission of the City of Jackson. The District Court overruled the defendant city's motion to dismiss. We granted leave to take an interlocutory appeal under 28 U.S.C. § 1292(b). We reverse.

Miss.Code 1972 Ann. § 21–31–1 et seq. authorized creation of the Jackson municipal civil service commission. Section 21–31–13 provides that "[a]ll appointments to and promotions in [fire and police departments covered by municipal commissions] shall be made solely on merit, efficiency, and fitness, which may be ascertained by open competitive examination and impartial investigation." Taylor's complaint alleges that following an organizational shakeup in the Jackson police department, he and many of his fellow officers were victimized by new promotion practices. It alleges in general terms deprivation of rights secured by the First and Fourteenth Amendments to the United States Constitution. None of the specific charges, however, points to even a colorable interference with First Amendment rights to free speech, press, association, and religious observance, or to interference with Fourteenth Amendment rights to due process and equal protection.[1] Fairly read the complaint as amended says no more than that the effects of the challenged new departmental practices fell randomly upon various individuals on the force. This is not enough to rise to constitutional levels. See McDowell v. Texas, 465 F.2d 1342 (5th Cir. 1971) (en banc); Dorsey v. NAACP, 408 F.2d 1022 (5th Cir. 1969). The matters which Taylor alleges in his complaint are matters of state statutes to be raised, if he desires, in the courts of the state.

Reversed.

1. The complaint originally contained allegations of racial discrimination, but plaintiffs amended to withdraw the racial claims from consideration.