**Garry W. STORMENT, Plaintiff,**

v.

**Robert L. HICKMAN, Individually and as Mayor of the City of Charleston, State of Illinois, et al., Defendants.**

**No. CV 74–86–D.**

United States District Court, E. D. Illinois.

Nov. 4, 1974.

---

35. Defendant's Memorandum, *supra* note 34, at 10.

S. John Muller, Muller & Komada, Charleston, Ill., for plaintiff.

William A. Sunderman and Jack H. Anderson, Anderson Law Offices, Charleston, Ill., for defendants Robert L. Hickman, etc., and Wayne F. Lanman, etc.

Henry E. Kramer, Brainard, Bower & Kramer, Charleston, Ill., for defendants Claude L. Adkins, Jr., etc., Daniel E. Thornburgh, etc., and John Winnett, etc.

## MEMORANDUM OPINION AND ORDER

WISE, Chief Judge.

On June 24, 1972, plaintiff, GARRY W. STORMENT, filed a three count complaint against the Mayor and four (4) commissioners of the City of Charleston. The complaint was brought pursuant to Title 42, Section 1983 and Section 1988, of the United States Code, alleging violations under the Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction was alleged under Title 28, United States Code, Section 1343(3) and Title 28, United States Code, Section 1331.

In Count I of said complaint plaintiff contends that on October 15, 1969, plaintiff was hired as a meter reader and plant operator by the Water Department of Charleston, Illinois; that plaintiff continued in said employment until May 30, 1973. On May 30, 1973, plaintiff was notified by defendant Winnett that his employment by the Water Department of Charleston, Illinois, was terminated. The gist of plaintiff's complaint is that plaintiff failed to receive a hearing pursuant to Title I, Chapter 17, Section 14, of the Charleston City Code, to determine whether plaintiff's employment was terminated for cause. Plaintiff contends that defendants' failure to give him a hearing deprived him of his civil right to public employment without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and in violation of the Illinois Constitution.

In Count II of said complaint plaintiff alleges that defendants acted knowingly with a willful and wanton disregard of their official duties under the provisions of the Charleston City Code by refusing to set a hearing date on plaintiff's petition.

Count III of the complaint arises under state law and is based on a theory that an employment contract existed between plaintiff and the City of Charleston and that by refusing to set a hear-

ing date on plaintiff's petition the defendants violated the terms of the alleged contract of employment. In Count III plaintiff invokes the pendent jurisdiction of this Court.

On July 22, 1974, defendants filed a motion to strike various parts of plaintiff's complaint pursuant to Rule 12(f), of the Federal Rules of Civil Procedure, alleging surplusage and irrelevancy; and on the same date defendants filed a motion to dismiss alleging, inter alia, that there is no constitutional right to public employment as contended in the complaint and that there is no deprivation of rights to accord jurisdiction under the statutes cited.

In opposition to defendants' motion, plaintiff contends that, under the facts stated in the complaint, there is Federal jurisdiction in this matter.

After reviewing the pleadings, motions and briefs in support thereof, this Court holds that defendants' motion to dismiss should be allowed.

Plaintiff brings this action in Federal Court pursuant to Title 42, United States Code, Section 1983, alleging:

1. Plaintiff was deprived of his civil right to public employment; and,

2. Plaintiff was deprived of his civil right to a hearing on whether he was dismissed for cause without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

■■ In addressing plaintiff's first allegation, it is the prevailing rule of law that there is no absolute right to public employment as such; however, there is a right not to be dismissed from public employment solely because one exercises his constitutional rights. Nowhere in plaintiff's complaint is there any allegation that plaintiff was dismissed because he exercised any Federal Constitutional rights. In the absence of an allegation concerning plaintiff's dismissal as a consequence of exercising Federal constitutional or statutory rights, the bare statement that plaintiff

was deprived of a right to public employment would be insufficient to set forth a claim under Title 42, United States Code, Section 1983. Dorsey v. NAACP et al., 408 F.2d 1022 (5th Cir. 1969), cert. denied, 396 U.S. 847, 90 S.Ct. 58, 24 L.Ed.2d 97 (1969).

Plaintiff's second allegation, that he was deprived of a hearing to determine whether he was dismissed for cause, also fails to comply with the necessary requirements to maintain a claim under Title 42, United States Code, Section 1983. To support his contention that he was denied due process, plaintiff cites Title I, Chapter 17, Section 14, of the Charleston City Code, which sets forth the procedure for terminating city employees and for providing hearings for city employees who have been dismissed.

■ Plaintiff's complaint may very well have merit if filed in the appropriate state court; however, when said right to a hearing exists solely because of a local city ordinance as in the instant case, even if such a violation has in fact occurred, it would not be a deprivation of rights for which plaintiff could sue for relief in Federal Court under Title 42, United States Code, Section 1983. Rights established by state or local law are not subject to a claim under Title 42, United States Code, Section 1983 or the United States Constitution. Saunders v. Cahill, 359 F.Supp. 79 (N.D.Ill.1973). In Saunders, the Court explained Title 42, United States Code, Section 1983 at page 83 where it said,

"Title 42, U.S.C., Sec. 1983 was originally enacted as Section 1 of the Anti-Ku Klux Klan Act of 1871, 17 Stat. 13 (1871). This Act was aimed primarily at vindicating constitutional rights which were being abused in the post bellum South. Soon after its enactment, Congress revised this so-called civil rights statute as to protect all federal rights, constitutional or statutory. (Citations omitted.) ". . . The plaintiffs rights are not rights secured by the constitution

**914**

or laws of the United States within the meaning of 42 U.S.C., Sec. 1983. The alleged deprivation of plaintiffs' state created rights is not the proper subject of a claim for relief under 42 U.S.C., Sec. 1983." (Citations omitted.)

The absence of a Federal right in the instant cause does not preclude plaintiff from seeking relief in the appropriate state court in Illinois. Because of this Court's ruling on the Federal jurisdiction question, it is unnecessary to address the questions raised in Counts II and III of the complaint.

It is therefore ordered that defendants' motion to dismiss plaintiff's complaint be, and the same is hereby, allowed.